The WING ON BANK LIMITED OF HONG KONG, Plaintiff-Appellant,

v.

AMERICAN NATIONAL BANK AND TRUST COMPANY OF FORT LAUD-ERDALE, Defendant-Appellee.

No. 71–3234

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 14, 1972.

Rehearing Denied May 24, 1972.

Julius I. Friedman, Bay Harbor Island, Fla., for plaintiff-appellant.

John S. Neely, Jr., Thomas B. Mimms, Jr., Fleming, O'Bryan & Fleming, Fort Lauderdale, Fla., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

A careful review of the evidence submitted to the Court below, sitting as trier of the facts, convinces us that his findings of fact and conclusions of law hereto appended are correct so far as they go.

But as Wing On points out they are deficient in not treating expressly with the failure of American National to notify Wing On of the defects in the documents of the letter of credit papers required.[1] However, even if the defendant failed to satisfy that obligation here, the record reveals that Wing On failed

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. They incorporated the Uniform Customs and Practices for Commercial Documentary Credits fixed by the latest Congress of the International Chamber of Commerce. See Fla.Stat.Ann. § 675.5–102.

to establish that it was prejudiced by the delay. The merchandise was not shipped on a through bill of lading, a Certificate of Origin could not have been obtained, and the only alternate route for effecting customs clearance was closed despite the importer's energetic but unsuccessful efforts to obtain a special Import License after strenuous appeals to Government officials in Washington. Since the defect in the shipping papers was incurable, the defendant's failure to send notification at an earlier time was not shown to have caused any harm to Wing On.

 Giving full effect to the international commitment to give notice in reasonable time, the consequence is not liability on the draft *per se*. Rather it would be for actual loss sustained. This was a critical element of Wing On's case, and it simply failed to carry this burden.

Affirmed.

APPENDIX

FINDINGS OF FACT

(Filed July 13, 1971)

THE ABOVE CAUSE came on for trial before the Court without a Jury, on July 9, 1971. The parties appeared by counsel, introduced documents and presented testimony. The Court considered the evidence and the arguments of counsel, and makes the following Findings of Fact:

1. The documents submitted (Exhibits 1, 2, and 3) relative to the shipment of goods by International (L&M) Co., Ltd., of Hong Kong, were not sufficient for United States Customs clearance.

2. A Letter of Credit issued by the American National Bank of Fort Lauderdale, Florida, and drafted against by The Wing On Bank Limited of Hong Kong, the financier for the shipper, International (L&M) Co., Ltd., clearly demonstrated in Item 3 of the conditions of the Letter of Credit, that "documents required for United States Customs Clearance" must be included, and it is the Court's opinion that Foreign Asset Control Regulations are included within the meaning of Item 3 of the conditions of the Letter of Credit concerning documents necessary for United States Customs clearance.

3. Foreign Asset Control Regulations applicable at the time of the shipments in question required "the original of an appropriate Certificate of Origin, as defined in Paragraph (d) of this Section, and provided that the merchandise was shipped to the United States directly, or on a through bill of lading, from the country issuing the appropriate Certificate of Origin." § 500.536 of Foreign Asset Control Regulations and Related Documents, Commodity Supplement, March 8, 1967.

4. The original Certificate of Origin was not included with the documents on any of the three shipments, and none of the three shipments was sent directly to the United States on a through bill of lading from the country of origin. Thus, the terms and conditions of the Letter of Credit were not complied with under the meaning of Article 3 of the Uniform Customs and Practices for Documentary Credits of the International Chamber of Commerce, and the Letter of Credit sued on never became a binding obligation.

5. One witness testified that he saw a copy of a cable advice from The American National Bank of Fort Lauderdale, Florida, to The Wing On Bank Limited of Hong Kong, sent in January of 1968, advising Wing On of the documentary problem. Whether the cable was received by Wing On, or whether it even existed, was not clearly shown by the evidence, but the Court finds that the action of The American National Bank under the circumstances was reasonable and consistent with the requirements of the Uniform Customs and Practices for Documentary Credits of the International Chamber of Commerce.

Accordingly, Judgment should be entered for the Defendant, and the Defendant should have and recover costs, if any, expended in this cause.

Done and Ordered, at Miami, Dade County, Florida, this 13th day of July, 1971.

/s/ Ted Cabot
Judge, United States District Court