GARRISON CARPET MILLS, APPELLEE, *v.*
LENEST, INC., ET AL., APPELLANTS.

[Garrison Carpet Mills v. Lenest, Inc. (1979),
65 Ohio App. 2d 251.]

(No. 9208—Decided September 19, 1979.)

*Mr. John A. Daily,* for appellee.
*Mr. Joseph L. O'Connor,* for appellants.

VICTOR, P. J.   This appeal is from an order of the Court

of Common Pleas of Summit County denying the defendants' motion to vacate the judgment.

On October 8, 1976, plaintiff-appellee, Garrison Carpet Mills, filed a complaint in the Akron Municipal Court for money based upon a check of defendant-appellant Lenest, Inc. The check was allegedly signed by defendant-appellant William West and was allegedly returned "NSF" (not sufficient funds). West is the principal owner and an officer of Lenest, Inc.

Both defendants, represented by counsel, filed identical answers denying liability generally and asserting certain specific defenses, including that of payment.

Plaintiff then filed an amended complaint with two counts: the first, as declared in the original complaint; and, the second, for $12,596.27, allegedly due from the defendants on an account. As the sum prayed for in the amended complaint exceeded the monetary jurisdictional limits of the Municipal Court, the case was transferred to the Court of Common Pleas. Answers denying liability generally and setting up the same specific defenses as before were filed by each defendant to the amended complaint.

On November 8, 1978, the case was set for trial. Mr. Sternberg appeared as counsel for the defendants, but neither West nor any other representative of Lenest, Inc., appeared for the defendants. Mr. Sternberg told the court that on October 9, 1978, he had informed West of the trial date; that West had not responded to his letters requesting information relative to the case; and that, therefore, he (Sternberg) was unable to present a defense. Sternberg did say, however, "I think perhaps there are some defenses available to Mr. West from my review initially of the information." Sternberg requested leave to withdraw as counsel.

The court then read into the record the long history of the case and then said:

"All right, it would appear that the defendant has done nothing to assist counsel or prepare for this case. Therefore, I will consider the matter in default. Mr. Daily, you may present the Court with a default entry. You may be permitted to withdraw as counsel, Mr. Sternberg."

A judgment entry was filed on November 21, 1978.

On November 28, 1978, the defendants, with new counsel,

filed a motion to vacate the judgment entry "***on grounds listed in Civil Rule 60(B)(1) through (5) as further explained in the Memorandum attached hereto***." The memorandum recites that the defendants have meritorious defenses and that because of illness, William West failed to appear for trial. Attached to the memorandum were West' affidavits asserting the defenses delineated in the answers previously filed. He further states:

"That I have been under medical supervision of a Doctor Russell Platt for the past several months. As such, I have not been able to keep up with all my personal affairs."

No affidavit from Dr. Platt appears of record. The motion was heard and overruled.

Defendants contend that the court's failure to vacate the judgment constitutes an abuse of discretion as a matter of law. A review of this record convinces us that the defendants' claim of excusable neglect is untenable. Whether the facts and circumstances surrounding this matter bring the defendants within the protective cloak of Civ. R. 60(B)(1) was exclusively for the trial court to determine. That determination will not be disturbed, absent an abuse of discretion.

The record discloses some facts tending to extenuate the conduct of the defendants in failing to appear for trial. Yet, the record also discloses much that indicates a careless failure on the defendants' part to actively participate in the preparation of the defense of the case at any time prior to trial. Under such circumstances, no clear abuse of the court's discretion is apparent. In addition, nothing of record warrants relief from judgment pursuant to Civ. R. 60(B)(2), (3) or (4). We, thus, reject the defendants' claim in this regard.

We believe, however, that a valid reason exists that requires us to reverse this judgment pursuant to Civ. R. 60 (B)(5) and remand the cause to the trial court for further proceedings.

Pursuant to Civ. R. 60(B)(5), a judgment may be vacated for "any other reason justifying relief from the [operation of the] judgment." While the grounds for invoking the provision must be substantial, "***[t]he provision reflects the inherent power of a court to relieve a person from the unjust operation of a judgment." Staff Note to Civ. R. 60(B).

While the defendants seek to invoke the operation of Civ.

R. 60(B)(5), they have neither specifically pointed out nor argued the error of record that makes the provision applicable to this case.

Ordinarily, "***[e]rrors not specifically pointed out in the record and separately argued by brief *may* be disregarded***" (emphasis added; App. R. 12[A] ) by the court in determining the merits of the appeal. Implicitly then, a Court of Appeals may consider those errors in the record which it discovers, but which have not been specifically raised by the appellant. R. C. 2505.21 is similar; but, R. C. 2505.21 also specifically provides that a Court of Appeals "***may consider and decide errors which are not assigned or specified.***" Thus, under either the Appellate Rules or the statute, an appellate court may examine the record regarding such errors although it has no obligation to do so. See 4 Ohio Jurisprudence 3d 781, Appellate Review, Section 428.

This record unequivocally reveals that the trial court did not require any evidence to be presented after permitting Mr. Sternberg to withdraw; but, the court specifically stated that judgment by default was being entered. The defendants, however, were not in default within the meaning of Civ. R. 55(A). That rule provides as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules,***" a default judgment may be entered against that party. Here, the defendants had answered and the case was at issue. Defendants' counsel had withdrawn from the case, but the answers were not withdrawn. Where issues of fact are pending between the litigants, there can be no judgment by default, even though the defendant is absent on the date of trial. Under such circumstances, the court must hear the evidence as though the defendant was present; and, if the plaintiff maintains his burden of proof and establishes a prima facie case, the court may render the appropriate judgment. *Aetna Securities Co.* v. *Sickels* (1949), 120 Ind. App. 300, 308, 88 N.E. 2d 789, 792-793. See, also, *Bass* v. *Hoagland* (C.A. 5, 1949), 172 F. 2d 205, certiorari denied (1949), 338 U. S. 816; *Coulas* v. *Smith* (1964), 96 Ariz. 325, 395 P. 2d 527. Therefore, the court erred to the prejudice of the defendants when it entered judgment by default on behalf of the plaintiff.

Thus, we find that pursuant to Civ. R. 60(B)(5), substan-

tial reasons justifying relief from this default judgment exist. Accordingly, we reverse the judgment of the Court of Common Pleas of Summit County and remand this cause to that court for the taking of testimony pursuant to this opinion.

*Judgment reversed*
*and cause remanded.*

MAHONEY and HUNSICKER, JJ., concur.

HUNSICKER, J., of the Ninth Appellate District, retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.