LENNOX INDUSTRIES, INC., APPELLANT, *v.* MID-AMERICAN NATIONAL BANK AND TRUST COMPANY, APPELLEE.

118

(No. WD-87-52—Decided
June 24, 1988.)

*Mary Ann Whipple* and *Donna B. Powers,* for appellant.
*David A. Bryan,* for appellee.

*Per Curiam.* This cause is before the court on appeal from the Wood County Court of Common Pleas, wherein summary judgment was granted in favor of defendant-appellee, Mid-American National Bank and Trust Co., dismissing with prejudice the instant action filed by plaintiff-appellant, Lennox Industries, Inc. Having timely filed a notice of appeal, appellant assigns the following assignments of error:

"I. The trial court erred in applying a strict compliance standard to the letter of credit in issue where the letter of credit is ambiguous and the bank's customer is in bankruptcy.

"II. The trial court erred in failing to find that the bank was estopped from or waived relying on the three-day provision of O.R.C. § 1305.11(A)(1) [UCC 5-112(1)(a)] by its failure to promptly notify the beneficiary of any defects it perceived in the draft on the letter of credit in issue and by its failure to comply with O.R.C. § 1305.11(B).

"III. The trial court erred in granting summary judgment in favor of defendant prior to defendant's response to plaintiff's pending discovery requests because there are genuine issues of material fact concerning the bank's actions in responding to plaintiff's draft on the letter of credit."

This is a dispute between the issuer and beneficiary of a letter of credit. Appellee issued an irrevocable letter of credit to appellant at the request of Modern Heating, Inc. (the "customer"). Appellant instituted this action below to recover damages from appellee, alleging that appellee wrongfully failed to honor appellant's demand for payment as beneficiary on the letter of credit. Appellee responded by moving for summary judgment, contending that it was entitled to judgment as a matter of law because appellant had failed to comply with the terms of the letter of credit.

The trial court responded to appellee's motion for summary judgment with a judgment in April 1987 (the "April judgment"). The April judgment "adopt[ed] the traditional * * * rule requiring strict compliance with the terms of the letter of credit where [an issuer] is being sued by a bene-

ficiary for having refused to honor a draft or demand on presentment." Pursuant to this rule, the trial court found that appellant had not strictly complied with the terms of the letter of credit issued by appellee. Due to this lack of the requisite compliance, the trial court concluded appellee appeared entitled to summary judgment. However, the trial court also found as a matter of law that an issuer is estopped from asserting the beneficiary's nonconformity when the issuer fails to notify the beneficiary of defects in its demand. Finding that appellee had failed to so notify appellant, the trial court's April judgment found that appellee was not entitled to summary judgment.

Appellee filed a motion for reconsideration and the trial court rendered a corresponding judgment in June 1987 (the "June judgment"). Appellee contended in its motion that it was not obligated to notify appellant of the defects in its demand because the negotiation period of the letter of credit expired one day before the date to which appellee could defer honoring appellant's demand under R.C. 1305.11(A)(1). The trial court found appellee's contention well-taken and granted the motion for reconsideration. Absent a duty to notify appellant of the defects in its demand, the lower court reasoned that appellee was en-

titled to summary judgment. Accordingly, the June judgment granted summary judgment in favor of appellee.

Appellant argues under its first assignment of error that the demand for payment it made on January 28, 1985[1] complied with the terms of the letter of credit sufficiently to invoke appellee's duty to pay under R.C. 1305.13(A). We do not agree. Moreover, we find no reason to disturb the disposition rendered on this issue by the trial court. Noting that R.C. Chapter 1305 is silent on the appropriate standard of compliance, the lower court found the majority rule is that " 'the essential requirements of a letter of credit must be strictly complied with by the party entitled to draw against the letter of credit,' " citing *Venizelos, S.A.* v. *Chase Manhattan Bank* (C.A. 2, 1970), 425 F. 2d 461, 465; *Courtaulds North America, Inc.* v. *North Carolina Natl. Bank* (C.A.4, 1975), 528 F. 2d 802; *First Arlington Natl. Bank* v. *Stathis* (1980), 90 Ill. App. 3d 802, 413 N.E. 2d 1288; and *Far Eastern Textile, Ltd.* v. *City Natl. Bank & Trust Co.* (S.D. Ohio 1977), 430 F. Supp. 193. We affirm this standard.

Regardless of the applicable standard, appellant contends that its compliance with the terms of the letter of credit cannot be accurately assessed because "the terms and conditions of

---

[1] The trial court found that appellant "requested" payment from appellee on January 25, 1985. Specifically, the court found in its April judgment that "[o]n January 25, 1985, [appellant] requested payment from [appellee] in the amount of $8,000.00 in a letter (which included copies of [customer's] account statement and account balance) to [appellee's] Attorney. Apparently, neither [appellee's attorney] nor [appellee] responded to this demand, which was not honored." The court later held that "the instant action involves only the January 28 demand." Our review finds that appellant's complaint refers only to the date of January 28, 1985. Moreover, appellant does not assign as error the trial court's holding that the case *sub judice* concerns only the demand made on January 28, 1985. Appellant's brief refers to the date of January 25, 1985 only once, contending as fact that on that date appellant demanded payment. Appellant, however, does not support this contention under any of its arguments. Accordingly, we accept January 28, 1985 as the controlling date for disposing of appellant's assignments of error.

the letter of credit * * * are ambiguous and confusing." The letter of credit states in pertinent part that:

"At the request of [customer], [appellee] hereby issue[s] [to appellant] our Irrevocable Letter of Credit number 200 for the amount of $8,000.00 (Eight Thousand and 00/100 Dollars).

"These funds will be available by your drafts on us at sight accompanied by your certified statement that the account balance of [customer] has not been reduced by at least Eight Thousand dollars during 1984. The statement must be accompanied by copies of your most recent statement and the January 31, 1984, date. Drawings will be permitted only for the amount by which the reduction in balance is less that [sic] $8,000.00 * * *. This Letter of Credit will not be valid for statement balances in excess of Eight Thousand and 00/100 Dollars."

Giving these terms their plain and ordinary meaning, we find they are not ambiguous and, therefore, not subject to judicial construction. Since the terms and conditions of the letter of credit are not ambiguous or confusing, it can be ascertained whether appellant's demand for payment strictly complied with the essential requirements of appellee's letter of credit. We agree with the trial court that appellant's demand was insufficient because it lacked a certified statement that the account balance of customer had not been reduced by at least $8,000 during 1984. Accordingly, we find appellant's first assignment of error not well-taken.

Appellant's second and third assignments of error raise a common issue, the disposition of which will determine whether there is merit in the correlative assignments of error. The negotiation period for the letter of credit expired on January 30, 1985. Appellant made its demand for payment on January 28, 1985.[2] Under R.C. 1305.11(A)(1), appellee had three days from this date to defer honoring appellant's demand. Pursuant to this provision, appellee argues it is not liable because "the nonconformance in the present case was *not curable* since the credit *expired* before [appellee] had any duty to determine whether the draft was payable." (Emphasis *sic.*) Notwithstanding the provision to defer provided under R.C. 1305.11(A)(1), appellant contends appellee had a duty to give notice of defects in appellant's demand as soon as they were discovered. Assuming that appellee was aware of the defects before January 30, 1985, appellant contends that appellee should have given notice at such time so appellant could timely cure the defects obstructing its right to payment. Since it is unknown when appellee discovered the defects, appellant asserts that there remains a genuine issue of material fact. Thus, resolving this challenge to the summary judgment requires us to address the following issue: If the beneficiary demands payment two days before the termination of the credit's negotiation period, may the issuer choose not to act because R.C. 1305.11(A)(1) provides that the issuer may defer honoring a demand for payment for three days following receipt of the demand, *i.e.,* one day after the credit expires? Stated another way, does an issuer have a duty to give notice of defects in the beneficiary's demand before the lapse of the three-day time period of R.C. 1305.11(A)(1)?

R.C. 1305.11(A)(1) pertinently states that "[a] bank to which a * * * demand of payment is presented under a credit may * * * defer honor until the close of the third banking day following receipt of the document * * *." Appellant contends that the absence of

---

[2] See fn. 1.

the term "dishonor" from division (A) shows that the legislative focus of division (A)(1) is "on honor, not dishonor." From this, appellant contends that when dishonor occurs instead of honor, then the issuer is not entitled to defer for the three-day period. However, we note that the section caption for division (A)(1) pertinently states, "Time allowed for honor *or rejection* * * *." (Emphasis added.) This context causes us to find that the three days specified under R.C. 1305.11(A)(1) are permitted for either honoring or dishonoring a demand for payment. Our finding is corroborated by case law holding that "[t]he UCC provides for a period of three banking days for the issuer to honor *or reject* a documentary draft for payment." (Emphasis added.) *Bank of Cochin, Ltd.* v. *Manufacturers Hanover Trust Co.* (S.D.N.Y. 1985), 612 F. Supp. 1533, 1542. Since the issuer is statutorily authorized to defer rejection for three days, we find that an issuer does not have the duty to give notice of defects before the lapse of the three-day time period provided under R.C. 1305.11(A)(1). Furthermore, the statutory duty to give notice is excused when it does not arise until after the credit expires because the defect would be incurable irrespective of notice thereof. *Wing On Bank Ltd. of Hong Kong* v. *American Natl. Bank & Trust Co. of Ft. Lauderdale* (C.A. 5, 1972), 457 F. 2d 328, 329. Accordingly, we find appellant's second and third assignments of error not well-taken.

However, our review does not end here. The summary judgment in this case is premised upon the finding that appellant demanded payment on January 28, 1985. Since the credit expired two days later, on January 30, the trial court ruled that appellee was not obligated to act on the demand because R.C. 1305.11(A)(1) did not require appellee to act until January 31, 1985, one day after the credit expired.

However, the trial court found in its April judgment that "[o]n January 25, 1985 [appellant] requested payment from [appellee] * * *. Apparently, neither [appellee's attorney] nor [appellee] responded to this *demand,* which was not honored." (Emphasis added.)

Thus, the lower court tacitly reasoned that appellant's January 25, 1985 letter to appellee did not impede summary judgment in favor of appellee. We believe this finding merits scrutiny; our review proceeds notwithstanding the lack of a corresponding assignment of error because a court of appeals may consider errors in the record which it discovers, but which have not been specifically raised by the appellant. *Garrison Carpet Mills* v. *Lenest, Inc.* (1979), 65 Ohio App. 2d 251, 19 O.O. 3d 208, 417 N.E. 2d 1277, paragraph one of the syllabus. See, also, *Toledo's Great Eastern Shoppers City, Inc.* v. *Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St. 3d 198, 202-203, 24 OBR 426, 430, 494 N.E. 2d 1101, 1104-1105.

Presentment of a "draft or demand for payment" triggers the issuer's duty to either honor or reject and return a demand for payment under a letter of credit. R.C. 1305.13(A). Upon such presentment, an issuer has "until the close of the third banking day following receipt of the document" to decide whether to honor or reject the demand. If the credit has not yet expired, the issuer owes the presenter a duty to act after the passage of the third day. If the issuer decides to dishonor the demand, generally its duty is to "return the draft or demand and the documents" to the presenter. R.C. 1305.11(B). Moreover, the issuer had a duty to inform the presenter of the defects causing dishonor so the presenter might be able to cure these defects. *Philadelphia Gear Corp.* v. *Central Bank* (C.A.

5, 1983), 717 F. 2d 230, 236; *Bank of Cochin, Ltd., supra,* at 1541. The issuer's failure to give notice of the defects causing dishonor waives the issuer's objections to such defects. *Barclays Bank D.C.O.* v. *Mercantile Natl. Bank* (C.A. 5, 1973), 481 F. 2d 1224; *Chase Manhattan Bank* v. *Equibank* (C.A. 3, 1977), 550 F. 2d 882.

If appellant's January 25, 1985 letter constitutes a draft or demand for payment, then appellee owed a duty to act after the close of the third banking day following receipt of the document, assuming the credit had not expired. Our review of the letter finds that it directs appellee's attorney to "treat this letter as our client's draft or demand for payment." Furthermore, the court below characterized the letter as a "demand." Consequently, we find that the letter constitutes a demand for payment.

Neither of the trial court's judgments expressly determined when, if ever, appellee received appellant's letter. In determining the validity of a summary judgment, the nonmoving party is entitled to have all reasonable competing inferences and the evidence construed most strongly in its favor. *Rodger* v. *McDonald's Restaurants of Ohio, Inc.* (1982), 8 Ohio App. 3d 256, 8 OBR 347, 456 N.E. 2d 1262. Since there were five days between the date of appellant's letter and the date on which the credit expired, it is not unreasonable to infer that appellee possessed the letter at a time after the passage of three banking days but before the credit expired. Construing the evidence in the record most strongly in favor of appellant, we find that reasonable minds could come to different conclusions as to whether appellee possessed appellant's letter at a time when appellee would have been obligated to give notice to appellant of the defects existing in its demand for payment. This raises a genuine issue of material fact. Therefore, summary judgment is precluded in the case *sub judice* pursuant to Civ. R. 56.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Wood County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings consistent with this decision. Costs to appellee.

*Judgment reversed and cause remanded.*

CONNORS and GLASSER, JJ., concur.

RESNICK, P.J., concurs in judgment only.