DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal comes to us from a judgment issued by the Toledo Municipal Court vacating a default judgment issued in a declaratory judgment action. Because we conclude that the trial court properly exercised its inherent powers to vacate the default judgment, we affirm.
 {¶ 2} In January 2004, appellants, David Hartley ("Hartley") and "Harley" Farms of Ohio, Inc.[1] ("Hartley Farms") filed a declaratory action against appellee, Clearview Equine Veterinary Services ("Clearview"), seeking to determine the rights and obligations, if any, between the parties regarding veterinary services allegedly provided to appellants. Clearview, a sole proprietorship located in Markelville, Indiana, billed David Hartley and Hartley Farms for services it alleges were provided to horses from Hartley Farms. Hartley alleged in his complaint that he personally does not own any horses, and any horses owned by Hartley Farms are managed, operated, and cared for by independent contractors who are solely responsible for the horses' medical, food, and board expenses. The complaint was served at Clearview's business location in Indiana.
 {¶ 3} Appellants filed a motion for default on February 18, 2004, which the trial court granted on February 24, 2004. On March 4, 2004, appellee entered a special appearance and filed a Civ.R. 60(B) motion for relief from judgment. The motion challenged the jurisdiction of the court, asserting that Clearview, known by appellants to be a sole proprietorship, was not the proper entity to be sued and never did business in Ohio. Clearview further stated that all services to the horses were provided at a racetrack in Indiana; the only contact with Ohio was the bill sent to appellants who are located in Ohio. After conducting a hearing, the trial court granted appellee's motion, vacated the default judgment, and granted appellee 21 days from the date of the entry to plead or otherwise intervene in the suit.
 {¶ 4} Appellants now appeal from that judgment, arguing in three assignments of error that appellee's Civ.R. 60(B) motion failed to establish a meritorious defense, was not timely filed, and failed to establish relief on the grounds of mistake, excusable neglect, newly discovered evidence, or fraud.
 {¶ 5} We initially note that whenever possible, cases should be decided on their merits. Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 3. After a complete review of the record, we conclude that the trial court properly vacated the default judgment for two reasons: the judgment was void for lack of jurisdiction and the judgment improperly granted a prematurely filed motion for default.
 {¶ 6} R.C. 1329.10 (C) permits the commencement of a lawsuit against "the user of a trade name or fictitious name * * *." This statute has been construed to mean that where the true real legal status of a party is unknown, a defendant may be properly sued and served in a complaint naming only the fictitious name. See Family Medicine Found., Inc. v.Bright, 96 Ohio St.3d 183, 2002-Ohio-4034, syllabus. The statute's purpose is to encourage the registration and reporting of fictitious names with the state of Ohio. Id. at ¶ 10. Thus, the rationale behind theFamily Medicine rationale is that defendants should not be permitted to profit by any confusion resulting from having done business under a fictitious name and, thus, avoid being subject to suit. See id. at ¶ 11. When the true legal entity behind the fictitious name is discovered, the complaint may then be amended to add the real party in interest. Civ.R. 15(C).
 {¶ 7} Nevertheless, when a plaintiff knows that the defendant's actual legal status is a sole proprietor and sues only the trade name entity without indicating the real legal status in the caption of the case, the sole proprietor is not properly made a party to the case. Patterson v. V M Auto Body (1992), 63 Ohio St.3d 573, 576. Any judgment, including default, rendered solely against a defendant which is not an actual or legal entity, is void, since the court has no personal jurisdiction over the non-named actual legal entity. See id., supra, citing to Cobble v.Farmer's Bank (1900), 63 Ohio St. 528. See, also, Records DepositionServ., Inc. v. Henderson Goldberg, P.C. (1995), 100 Ohio App.3d 495,502; Compuserve, Inc. v. Trionfo (1993), 91 Ohio App.3d 157, 161. A court has the authority to vacate a void judgment under its inherent powers, not as a derivation from Civ.R. 60(B). Patton v. Diemer (1988),35 Ohio St.3d 68, paragraph four of the syllabus. Furthermore, the fact that a motion to set aside a verdict is styled as a motion made pursuant to Civ.R. 60(B) has no significance. Compuserve, supra.
 {¶ 8} In this case, appellants' complaint has two fatal flaws on its face. First, the caption designates the plaintiffs as "Dave Hartley" and "Harley Farms of Ohio, Inc." The complaint itself, however later refers to "Hartley Farms" when alleging certain facts. Although this may have been an inadvertent typographical error, it nonetheless creates ambiguity and confusion as to the true identity of one of the plaintiffs. (Emphasis added.)
 {¶ 9} Second, although the complaint alleges that Clearview is a sole proprietorship, appellants did not indicate that status in the caption, listing only "Clearview Equine Veterinary Services," a trade name. Nothing in the record shows that Clearview actually operates in Ohio, thus potentially negating the requirement that Clearview's trade name be registered pursuant to R.C. 1329.10. Aware that Clearview was not the actual legal entity, however, appellants could have either sought out the name of the sole proprietor and named that person as the defendant, or designated the defendant as an "unknown" person, doing business as Clearview Equine Veterinary Services, and then moved to amend the complaint once the actual individual's name was discovered. Here there was no later amendment to the caption to add the real party in interest, the sole proprietor. Therefore, since the default judgment was granted against a nonentity and was void, the trial court properly exercised its inherent powers in vacating the default judgment.
 {¶ 10} We turn now to the second issue, the premature filing of the motion for default. Civ.R. 55 provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, * * *" a default judgment may be entered against that party. The rule does not provide for the filing of a motion for default judgment prior to an actual default. A motion for default judgment filed prior to an actual default must be considered a nullity and denied. See Ciuni Panichi v. C.B. Thiel Assoc. (Sept. 22, 1998), 10th Dist. No. 97APE12-1601; Jerninghan v. Rini
(Feb. 16, 1995) 8th Dist. No. 66764. It is error to grant a default judgment against a defendant not in default. See Garrison Carpet Millsv. Lenest, Inc. (1974), 65 Ohio App.2d 251.
 {¶ 11} In this case, although the complaint was filed on January 15, 2004, it was not delivered by certified mail to the Clearview facility until January 23, 2004. Appellee had 28 days from the date of "service" within which to respond. See Civ.R. 12(A)(1) (defendant shall serve answer within 28 days after service). Thus, appellee's answer was due on Friday, February 20, 2004, 28 days after service. Appellants filed their motion for default on February 18, 2004. Even presuming that appellants had sued and served the proper party, the motion for default was filed two days prior to any actual default and should have been denied. Therefore, the trial court properly vacated the default judgment.
 {¶ 12} Accordingly, appellants' three assignments of error are not well-taken.
 {¶ 13} The judgment of the Toledo Municipal Court is affirmed. Court costs of this appeal are assessed to appellants pursuant to App.R.24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Glasser, J., Concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Although the correct name is not clear from the complaint, for the sake of clarity, we will refer to the second plaintiff, as "Hartley
Farms."