OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and Appellant's brief. Appellant, Emery Wade Smith, appeals the decision of the Noble County Court of Common Pleas dismissing his complaint against Appellee, Diana Ramsey, for failure to prosecute. Smith claims that the trial court erred by failing to grant his motions for default judgment, however, this claim is meritless as his motions were filed prior to the expiration of time for Ramsey to file her answer. However, because there is no indication in the record that Smith was ever notified that the complaint would be dismissed, the trial court erred in dismissing the case for failure to prosecute. Accordingly, the decision of the trial court is reversed and remanded for further proceedings.
 Facts {¶ 2} On August 10, 2005, Smith filed a civil complaint against Ramsey. Service was perfected on Ramsey August 23, 2005. Smith then filed a motion for default judgment against Ramsey on September 2, 2005. Smith filed a second motion for default on September 12, 2005. The trial court denied Smith's motions as being premature on September 20, 2005. On September 29, 2005, Smith mailed a letter to the clerk explaining that he was confused why he was not granted default and requested that he be informed what he was doing wrong or in the alternative asked when he could move for default.
 {¶ 3} A pre-trial was then scheduled for October 28, 2005. The pre-trial was held but Smith did not appear. Ramsey appeared pro se. The trial court then set a date for trial. Again, Ramsey appeared pro se and Smith was absent, although notified as required by law. On November 22, 2005, the trial court dismissed the case for failure to prosecute.
 {¶ 4} As his sole assignment of error, Smith claims:
 {¶ 5} "Plaintiff has statutory right to such complaint and relief sought."
 {¶ 6} Smith claims that it was error for the trial court to deny his motion for default judgment. This claim lacks merit as the motion was filed prior to expiration of time for Ramsey to file an answer. The Sixth District addressed a similar claim inHartley v. Clearview Equine Veterinary Services (Feb. 25, 2005), 6th Dist. No. 2005 No. L-04-1163. In that case, the Sixth District upheld the trial court's vacation of an improvidently granted default judgment explaining:
 {¶ 7} "Civ.R. 55 provides that `when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, * * * "`a default judgment may be entered against that party. The rule does not provide for the filing of a motion for default judgment prior to an actual default. A motion for default judgment filed prior to an actual default must be considered a nullity and denied. SeeCiuni Panichi v. C.B. Thiel Assoc. (Sept.22, 1998), 10th Dist. No. 97APE12-1601; Jerninghan v. Rini (Feb. 16, 1995) 8th Dist. No. 66764. It is error to grant a default judgment against a defendant not in default. See Garrison Carpet Mills v. Lenest,Inc. (1974), 65 Ohio App.2d 251, 417 N.E.2d 1277." Id at 3.
 {¶ 8} In this case, although the complaint was filed on August 10, 2005, it was not properly served upon Ramsey until August 23, 2005. Ramsey had 28 days from the date of "service" within which to respond. See Civ.R. 12(A)(1) (defendant shall serve answer within 28 days after service). Thus, Ramsey's answer was due on September 20, 2005, 28 days after service. Smith filed his motions for default on September 2 and September 12, 2005. Thus, the motion for default was filed eight days prior to any actual default and should have been denied. Therefore, the trial court properly denied default judgment. However, the trial court improperly dismissed this action for failure to prosecute.
 {¶ 9} A trial court may dismiss an action pursuant to Civ.R. 41(B)(1) when a plaintiff fails to prosecute. Pembaur v. Leis
(1982), 1 Ohio St.3d 89, 90. Civ.R. 41(B)(1) provides:
 {¶ 10} "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to theplaintiff's counsel, dismiss an action or claim."
 {¶ 11} Moreover, a dismissal for failure to prosecute is an adjudication on the merits, unless the court's order otherwise specifies. Civ.R. 41(B)(3).
 {¶ 12} The power to dismiss for failure to prosecute is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion. Pembaur, at 91. Therefore, the trial court's dismissal for failure to prosecute will not be reversed unless the trial court's decision is unreasonable, arbitrary, or unconscionable. Pembaur.
 {¶ 13} Significantly, Civ.R. 41(B)(1) requires that a plaintiff receive notice before the dismissal, thereby affording the plaintiff an opportunity to correct the default, or explain why the case should not be dismissed with prejudice. Metcalf v.Ohio State Univ. Hosps. (1981), 2 Ohio App.3d 166, 167;McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 356-357, Section 13.07. It is error for the trial court to dismiss a plaintiff's case for failure to prosecute without notice.Williams v. Banner Buick, Inc. (1989), 60 Ohio App.3d 128, 131. Therefore, appellate review of a dismissal for failure to prosecute involves two assessments. First, an appellate court must determine if the trial court provided the plaintiff with sufficient notice prior to the dismissal. Second, an appellate court must determine whether the dismissal constituted an abuse of discretion.
 {¶ 14} Here, the record reflects that Smith received no notice that the case would be dismissed for failure to prosecute other than the notice that is perhaps implied under the Ohio Civil Rules when appellant's counsel is notified of the trial date. The Supreme Court of Ohio in Logsdon v. Nichols (1995),72 Ohio St.3d 124, specifically addressed this issue. InLogsdon, neither the plaintiffs nor their counsel appeared on the scheduled trial date. Counsel for the defendant was ready to proceed. The trial court dismissed the case with prejudice due to the plaintiffs' failure to prosecute. Because the record disclosed no notice to plaintiffs or their counsel that the action was subject to dismissal with prejudice, and because plaintiffs' counsel had no opportunity to explain their nonappearance, the Logsdon court reversed stating:
 {¶ 15} "Generally, notice is a prerequisite to dismissal for failure to prosecute under Civ.R. 41(B)(1). Hence, `[i]t is error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel fail to appear for trial on the assigned trial date * * *.' McCormac,Ohio Civil Rules Practice (2 Ed. 1992) 356-357, Section 13.07. The purpose of notice is to `provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.' Id. at 357; Metcalf v. Ohio State Univ. Hosp. (1981),2 Ohio App.3d 166 * * *. Notice allows the dismissed party to explain the circumstances causing his or her nonappearance. McCormac,
supra, at 357. "Id. at 128.
 {¶ 16} Because the record in this case does not indicate that Smith received any notice that the case would be dismissed, the trial court erred in dismissing the complaint. Accordingly, the judgment of the trial court is reversed and this cause remanded for further proceedings.
Vukovich, J., concurs.
Waite, J., concurs.