[Cite as *Farakhan v. Wade*, 2018-Ohio-1170.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SYED FARAKHAN

    Appellee

    v.

LASHAWN WADE

    Appellant

C.A. No.    28813

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    17 CV 06648

DECISION AND JOURNAL ENTRY

Dated: March 30, 2018

---

CALLAHAN, Judge.

{¶1}    Appellant, Lashawn Wade, appeals from the default judgment entered against her in the Akron Municipal Court as to the second cause of action for money damages. For the reasons set forth below, this Court reverses.

I.

{¶2}    Syed Farakhan rented the premises at 411 Noble Avenue in Akron to Ms. Wade. On August 18, 2017, Mr. Farakhan filed a complaint for forcible entry and detainer and money damages for unpaid rent and water bills against Ms. Wade. The docket reflects personal service of the summons and complaint upon Ms. Wade on August 25, 2017.[1]

---

[1] Ms. Wade refers to the service of the summons and complaint as "purported personal service." Despite Ms. Wade's description of the personal service as being "purported," she did not challenge the personal service on appeal. Accordingly, August 25, 2017 will be used as the service date for the purposes of this appeal.

**{¶3}** On September 8, 2017, a magistrate held a hearing on Mr. Farakhan's first cause of action for forcible entry and detainer and concluded that the writ be allowed. On the same day, the trial judge adopted the Magistrate's conclusion and ordered a writ of restitution.

**{¶4}** On September 15, 2017, Mr. Farakhan filed an application for default judgment as to his second cause of action for money damages. Four days later, on September 19, 2017, the trial court granted default judgment against Ms. Wade and in favor of Mr. Farakhan in the amount of $1,179. Ms. Wade timely appeals from this judgment entry, asserting one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT GRANTED [MR. FARAKHAN'S] APPLICATION FOR DEFAULT PRIOR TO [THE] EXPIRATION OF THE TIME FOR AN ANSWER OR OTHER REPLY TO THE COMPLAINT.

**{¶5}** In her sole assignment of error, Ms. Wade argues that the trial court erred by granting a default judgment against her prior to the expiration of the period of time to file an answer to the complaint. This Court agrees.

**{¶6}** This Court reviews a trial court's decision to grant or deny a motion for default judgment for an abuse of discretion. *Thomas v. Steps*, 9th Dist. Summit No. 27187, 2014-Ohio-5018, ¶ 5. "However, where a trial court's order is based on a misconstruction of law, an abuse-of-discretion standard is not appropriate; in determining questions of law, an appellate court may properly substitute its judgment for that of the trial court." *Swartzentruber v. Orrville Grace Brethren Church*, 163 Ohio App.3d 96, 2005-Ohio-4264, ¶ 6 (9th Dist.). *See Telxon Corp. v. Smart Media of Del., Inc.,* 9th Dist. Summit Nos. 22098 and 22099, 2005-Ohio-4931, ¶ 131 (interpretation or application of the Ohio Rules of Civil Procedure is reviewed de novo).

Because Ms. Wade asserts the trial court misapplied Civ.R. 55(A) in this matter, this Court will review the trial court's default judgment de novo.

**{¶7}** In a civil action, the defendant has 28 days after service of the summons and complaint to file an answer or other response. Civ.R. 12(A)(1) and (2). If the defendant "fails to contest the opposing party's allegations by either pleading or 'otherwise defend[ing]' [ ,] a default arises." *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn*., 28 Ohio St.3d 118, 121 (1986), quoting Civ.R. 55(A). After a default arises, Civ.R. 55(A) permits the plaintiff to file a motion for default judgment and the trial court to grant the same. *See Bank of Am., N.A. v. Shultz*, 2d Dist. Clark No. 2012-CA-70, 2013-Ohio-2567, ¶ 12. However, Civ.R. 55(A) does not allow for the filing of a motion for default judgment before a default arises. *Id*. at ¶ 13, citing *Hartley v. Clearview Equine Veterinary Servs.*, 6th Dist. Lucas No. L-04-1163, 2005-Ohio-799, ¶ 10. "A motion for default judgment filed prior to an actual default must be considered a nullity and denied." *Hartley* at ¶ 10.

**{¶8}** In this case, Mr. Farakhan filed a complaint on August 18, 2017. The docket reflects personal service of the summons and complaint were completed upon Ms. Wade on August 25, 2017. Thus, Ms. Wade had 28 days after August 25, 2017 within which to file an answer or other response, or until September 22, 2017.

**{¶9}** Mr. Farakhan filed his application for default judgment on September 15, 2017, 28 days after the date of filing the complaint instead of 28 days after the date of service of the summons and complaint. Pursuant to Civ.R. 12(A), Ms. Wade still had one week to file her answer or other response and thus, there was no actual default under Civ.R. 55(A). Mr. Farakhan's application for default judgment was filed prematurely and was a nullity, which should have been denied by the trial court. *See Shultz* at ¶ 14; *Hartley* at ¶ 11; *see also Smith v.*

*Ramsey*, 7th Dist. Noble No. 05 NO 329, 2006-Ohio-4859, ¶ 8; *Jerninghan v. Rini*, 8th Dist. Cuyahoga No. 66764, 1995 Ohio App. LEXIS 573, *6 (Feb. 16, 1995). Accordingly, the trial court erred in granting Mr. Farakhan's application for default judgment and Ms. Wade's assignment of error is sustained.

III.

{¶10} Ms. Wade's sole assignment of error is sustained. The judgment of the Akron Municipal Court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

> LYNNE S. CALLAHAN
> FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

GREGORY R. SAIN, Attorney at law, for Appellant.

SYED FARAKHAN, pro se, Appellee.