[Cite as *Asamoah v. SYGMA Network, Inc.*, 2022-Ohio-1868.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Asamoah, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 21AP-405 |
| v. | : | (C.P.C. No. 20CV-7698) |
| The SYGMA Network, Inc., and Sysco Corporation, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

# D E C I S I O N

Rendered on June 2, 2022

**On brief:** *Michael Asamoah*, pro se. **Argued:** *Michael Asamoah.*

**On brief:** *Vorys, Sater, Seymour and Pease LLP, Oliver D. Frey*; *Reed Smith, LLP, Paulo B. McKeeby*, and *Joseph J. Mammone*, for appellees. **Argued:** *Joseph J. Mammone.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Michael Asamoah, appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendants-appellees, The SYGMA Network, Inc. and Sysco Corporation. For the following reasons, we affirm the judgment.

{¶ 2} On November 30, 2020, Asamoah filed suit against defendants alleging claims for employment discrimination. The Clerk of the Franklin County Court of Common Pleas served the summons and complaint on defendants by certified mail. According to the certified mail receipts contained in the record, Sysco received its summons and complaint on December 10, 2020, and SYGMA received its summons and complaint on December 14, 2020.

{¶ 3} On January 5, 2021, Asamoah moved for default judgment against both defendants. Three days later, on January 8, 2021, defendants filed a joint answer. Asamoah moved to strike that answer. Additionally, on January 13, 2021, Asamoah filed a second motion for default judgment against both defendants. In this motion, Asamoah alleged that defendants' answer was untimely.

{¶ 4} In a response filed January 22, 2021, defendants opposed Asamoah's two motions for default judgment and motion to strike. Defendants requested that, if the trial court found that Sysco had filed its answer one day late, the trial court extend the period for filing the answer to render the answer timely.

{¶ 5} In an entry dated February 2, 2021, the trial court denied Asamoah's motion to strike and motions for default judgment. The trial court also granted Sysco's motion for leave to file its answer one day late.

{¶ 6} On February 3, 2021, Asamoah filed a motion requesting that the trial court reconsider its February 2, 2021 entry. The trial court denied that motion in a February 22, 2021 entry. Asamoah then moved to set aside the February 22, 2021 entry. In the motion, Asamoah made the same arguments he had made in the February 3, 2021 motion. The trial court denied the motion to set aside as well.

{¶ 7} Ultimately, defendants moved for summary judgment on all Asamoah's claims. On July 19, 2021, the trial court issued a judgment granting defendants' motion.

{¶ 8} Asamoah now appeals from the July 19, 2021 judgment, and he assigns the following errors:

> [1.] The Court of Common Pleas erred and abused its discretion in denying appellant's Motion for Default Judgment.
>
> [2.] The Franklin County Court of Common Pleas abused its discretion in granting Defendants a time of extension to plead.
>
> [3.] The Court of Common Pleas of Franklin County abused its discretion in denying appellant's Motion to Strike, Motion to Reconsider and Motion to Set Aside.
>
> [4.] The Court of Common Pleas violated Plaintiff's Due Process rights when the judge did not give him an opportunity to be heard and object.
>
> [5.] The Court of Common Pleas violated Plaintiff's Equal Protection rights when the judge did not apply the same

standard and did not treat similarly situated individuals in a similar manner.

{¶ 9} We will address Asamoah's first and second assignments of error together because they are interrelated. By his first assignment of error, Asamoah argues that the trial court erred in denying his motions for default judgment. By his second assignment of error, Asamoah argues that the trial court erred in granting Sysco a one-day extension in which to file its answer. We find both arguments unavailing.

{¶ 10} Under Civ.R. 55, a trial court may enter a default judgment "against a defendant who has failed to timely plead in response to an affirmative pleading." *Ohio Valley Radiology Assocs. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986). An appellate court reviews a trial court's decision to grant or deny a motion for a default judgment for an abuse of discretion. *Lopez v. Quezada*, 10th Dist. No. 13AP-389, 2014-Ohio-367, ¶ 11.

{¶ 11} A plaintiff may not file a motion for default judgment until the defendant defaults by failing to timely plead or otherwise defend. *Farakhan v. Wade*, 9th Dist. No. 28813, 2018-Ohio-1170, ¶ 7; *Bank of Am., N.A. v. Shultz*, 2d Dist. No. 2012-CA-70, 2013-Ohio-2567, ¶ 13; *Smith v. Ramsey*, 7th Dist. No. 05 NO 329, 2006-Ohio-4859, ¶ 7. A prematurely filed motion for default judgment is a nullity. *Farakhan* at ¶ 7, 9; *Shultz* at ¶ 14; *Smith* at ¶ 7. A trial court must deny such a motion. *Farakhan* at ¶ 7, 9; *Smith* at ¶ 7.

{¶ 12} In a civil action, a defendant has 28 days after the service of a summons and complaint to file an answer. Civ.R. 12(A)(1). Sysco received its summons and complaint on December 10, 2020, so its answer was due 28 days later on January 8, 2021. SYGMA received its summons and complaint on December 14, 2020, making its answer due 28 days later on January 12, 2021. Asamoah filed his first motion for default judgment on January 5, 2021—three days before the first answer was due. Because Asamoah filed this motion before any default could possibly occur, the motion was a nullity, and the trial court properly denied it.

{¶ 13} In the trial court, Asamoah contested December 10 and 14 as the dates on which defendants received service of process. Asamoah asserted that service of the complaints on defendants occurred on November 30, 2020 through the trial court's electronic filing system. However, service of the complaints through the court's electronic filing system is not a method of service of process recognized by Civ.R. 4.1. Therefore, even

assuming that copies of the complaint were sent to defendants via the electronic filing system on November 30, 2020, service of process did not occur on that date.

{¶ 14} When Asamoah moved for default judgment the second time, defendants had answered the complaint. Thus, the outcome of Asamoah's motion turned on whether defendants' answer was timely. While SYMGA had answered within the 28-day response period, Sysco had missed the filing deadline by one day. Because SYMGA timely answered the complaint, the trial court properly denied Asamoah default judgment as to SYMGA. With regard to Sysco, the trial court granted Sysco the one-day filing extension it requested to render its answer timely filed. Asamoah challenges this extension in his second assignment of error.

{¶ 15} Generally, courts disfavor default judgment. *Hillman v. Edwards*, 10th Dist. No. 08AP-1063, 2009-Ohio-5087, ¶ 6. When possible, cases should be decided on their merits, rather than procedural grounds, as in through default judgment. *Id.* To militate against the harshness of a default judgment, Civ.R. 6(B) permits a trial court to grant a party additional time to file a pleading or response. *Hillman* at ¶ 7.

{¶ 16} Pursuant to Civ.R. 6(B)(2), a trial court may extend the time to file a late pleading "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect." In determining whether the neglect at issue qualifies as excusable, a court must examine all the surrounding facts and circumstances. *Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 14 (1997). The Civ.R. 6(B) excusable neglect standard is notably forgiving. *Dietrich v. Dobos*, 10th Dist. No. 15AP-2, 2015-Ohio-4866, ¶ 13. A party's conduct only sinks to the level of inexcusable neglect if that conduct falls substantially below what is reasonable under the circumstances or reflects a complete disregard for the judicial system. *Id.*; *Hillman* at ¶ 13-14.[1]

{¶ 17} A trial court exercises discretion in ruling on a motion for an extension of time under Civ.R. 6(B)(2). *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 465 (1995). Consequently, an appellate court must uphold a ruling on such a motion absent an abuse of discretion. *Davis* at 14.

---

[1] Asamoah argues that this court should apply Loc.R. 13.02 of the Franklin County Court of Common Pleas, General Division, not Civ.R. 6(B)(2). Both Loc.R. 13.02 and Civ.R. 6(B)(2) provide methods by which a defendant may obtain an extension of time to move or plead. Neither rule forecloses the application of the other. Given the circumstances of this case, Civ.R. 6(B)(2) is the applicable rule.

{¶ 18} Here, Sysco explained that its records show that it received the summons and complaint on December 11, 2021, not December 10, 2021. To prove this statement, Sysco attached to its memorandum a copy of the envelope that contained the summons and complaint, which is stamped "REC'D DEC 11 2020." (Defs.' Ex. A, Defs.' Opp. to Pl.'s Mot. for Default Jgmt. & Mot. to Strike.) Given this evidence, the trial court found Sysco's filing of its answer one day late resulted from excusable neglect. We determine that the trial court did not abuse its discretion in so finding. We thus conclude that the trial court did not err in granting Sysco a one-day extension and, concomitantly, denying Asamoah default judgment as to Sysco.

{¶ 19} In sum, we determine that the trial court did not err in denying Asamoah default judgment or in granting Sysco an extension of time to file its answer. Accordingly, we overrule Asamoah's first and second assignments of error.

{¶ 20} By his third assignment of error, Asamoah argues that the trial court erred in denying his motion to strike, motion for reconsideration, and motion to set aside. For the reasons we stated above, defendants' answer was timely filed, so the trial court did not err in denying Asamoah's motion to strike that answer. Both Asamoah's motion for reconsideration and motion to set aside asked the trial court to review the rulings it made in the February 2, 2021 entry. Because we found no error in those rulings, we also find no error in the trial court's denial of the motion for reconsideration and motion to set aside. Accordingly, we overrule the third assignment of error.

{¶ 21} By his fourth assignment of error, Asamoah argues that the trial court violated his due process rights when it did not give him an opportunity to object before the court granted a motion permitting an opposing counsel to appear pro hac vice. We disagree.

{¶ 22} "The fundamental requisites of due process of law in any proceeding are notice and the opportunity to be heard." *In re B.C.*, 141 Ohio St.3d 55, 2014-Ohio-4558, ¶ 17. Trial courts routinely grant pro hac vice motions without opposition, and thus, they sometimes rule on such motions without waiting for the expiration of the 14-day response period set forth by Loc.R. 21.01 of the Franklin County Court of Common Pleas, General Division. *See Casper v. Nationwide Children's Hosp.*, 10th Dist. No. 15AP-997, 2016-Ohio-4556, ¶ 4 (explaining the practice). A premature ruling, however, does not jeopardize a party's ability to contest the pro hac vice status of an opposing party's attorney. The trial

court retains the power to revisit its ruling and revoke the permission to appear pro hac vice. *Id*. at ¶ 10. Consequently, if a trial court grants a pro hac vice motion before a party has time to respond, that party may raise its objections through a motion for reconsideration or a motion to vacate. Asamoah, therefore, had an opportunity to protest the grant of pro hac vice status to the opposing counsel subsequent to the trial court's ruling. Accordingly, we conclude no due process violation occurred, and we overrule the fourth assignment of error.

{¶ 23} By his fifth assignment of error, Asamoah argues that the trial court violated his equal protection rights by not applying the same standard and not treating similarly situated individuals in a similar manner. Asamoah, however, does not explain how the trial court applied different standards or treated similarly situated individuals differently. Accordingly, we overrule Asamoah's fifth assignment of error.

{¶ 24} As a final matter, we must address the motions for sanctions that Asamoah has filed in this court. In motions filed January 18 and 21, 2022, Asamoah seeks attorney fees from opposing counsel under Civ.R. 11 for engaging in allegedly frivolous conduct in the trial court and this court. An appellate court, however, lacks authority to rule on a Civ.R. 11 motion for sanctions based on allegedly frivolous conduct in the trial court. *In re Guardianship of Wernick*, 10th Dist. No. 06AP-263, 2006-Ohio-5950, ¶ 8. Such a motion must be made in the trial court. Moreover, Civ.R. 11 does not apply to allegedly frivolous conduct that occurs during an appeal. *Estate of Garza v. Onesto*, 10th Dist. No. 15AP-1031, 2016-Ohio-5531, ¶ 15. We, therefore, deny Asamoah's Civ.R. 11 motions for sanctions.

{¶ 25} For the foregoing reasons, we overrule Asamoah's first through fifth assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed;*
*motions for sanctions denied.*

DORRIAN and MENTEL, JJ., concur.

————————