[Cite as *Altercare of Louisville Ctr. For Rehab. & Nursing Care, Inc. v. Gossett*, 2011-Ohio-1031.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ALTERCARE OF LOUISVILLE CENTER FOR REHABILITATION & NURSING CARE, INC. | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Julie A. Edwards, J. |
| Plaintiff-Appellee | |
| | Case No. 2010CA00325 |
| -vs- | |
| LONNIE L. GOSSETT AND MARY M. GOSSETT | O P I N I O N |
| Defendants-Appellants | |

CHARACTER OF PROCEEDING: Appeal from the Canton Municipal Court, Case No. 10CVI5477

JUDGMENT: Affirmed in part, Reversed in part and Remanded

DATE OF JUDGMENT ENTRY: March 7, 2011

APPEARANCES:

For Plaintiff-Appellee

TARA SUZANNE REUSCHER
Corporate Counsel
Altercare of Ohio, Inc.
339 East Maple Street, Suite 100
P.O. Box 3050
North Canton, Ohio 44720

For Defendants-Appellants

LONNIE L. GOSSETT
MARY M. GOSSETT
7594 Mill Bench Court
Dublin, Ohio 43016

*Hoffman, J.*

{¶1} Defendants-appellants Lonnie L. Gossett and Mary M. Gossett ("Lonnie and/or "Mary"), husband and wife, appeal the October 25, 2010 Judgment Entry entered by the Canton Municipal Court, granting judgment in favor of Appellee Altercare of Louisville Center for Rehabilitation and Nursing Care, Inc. ("Altercare") on its complaint and in favor of Altercare on Appellants' counterclaim.

STATEMENT OF THE FACTS AND CASE

{¶2} On or about January 23, 2009, Lonnie became a resident of Altercare. Altercare provided Lonnie residential nursing care.

{¶3} At the time of Lonnie's admission, Mary executed a Residency Agreement on Lonnie's behalf as his representative. Lonnie was discharged on or about May 26, 2009. Altercare alleged there remained a balance due of $1400.00 on account for services rendered to Lonnie which Appellants refused to pay. As a result, Altercare filed its complaint in the Small Claims Division of the Canton Municipal Court, asserting claims against Lonnie for breach of contract and unjust enrichment and against Mary for breach of contract. Appellants answered and filed a counterclaim for $400.00, the amount they had already paid which they asserted was improperly billed.

{¶4} Following trial, the magistrate issued his report dated September 13, 2010, finding in favor of Altercare and against both Lonnie and Mary in the amount of $1400.00 plus costs and legal interest. The magistrate found in favor of Altercare on Appellants' counterclaim. Following an addendum to the magistrate's report and the filing of objections by Appellants, the trial court overruled Appellants' objections, and approved and adopted the magistrate's report and also the magistrate's further findings

of fact and conclusions of law as contained in the September 24, 2010 Addendum via

Judgment Entry filed October 25, 2010.[1]

{¶5}    It is from the October 25, 2010 Judgment Entry Appellants prosecute this

appeal, assigning as error:

{¶6}    "I. TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION TO

DISMISS FOR LACK OF JURISDICTION DUE TO ERRONEOUSLY FINDING

MANDATORY ARBITRATION AGREEMENT OPTIONAL.

{¶7}    "II. TRIAL COURT ERRED IN FINDING APPELLANTS ENTERED INTO A

WRITTEN AGREEMENT.

{¶8}    "III. TRIAL COURT ERRED IN FINDING APPELLEE ENTITLED TO

COLLECT MONIES FROM APPELLANTS FOR MAY 2009 SERVICES RENDERED

TO APPELLANTS.

{¶9}    "IV. TRIAL COURT ERRED IN FINDING APPELLEE ENTITLED TO

PARTIAL PAYMENT OF $400 FROM APPELLANTS.

{¶10} "V. TRIAL COURT ERRED IN FINDING APPELLANTS OWE $1,400 TO

APPELLEE.

{¶11} "VI. TRIAL COURT ERRED IN DISMISSING APPELLANTS'

COUNTERCLAIM.

{¶12} "VII. TRIAL COURT ERRED IN DENYING APPELLANTS' AFFIRMATIVE

DEFENSES.

---

[1] Additional facts will be discussed in our analysis of the individual assignments of error as necessary.

{¶13} "VIII. TRIAL COURT ERRED IN NOT REQUIRING APPELLEE TO STATE IN ITS COMPLAINT APPELLANTS' MILITARY STATUS AND TO SIGN ITS COMPLAINT UNDER OATH.

{¶14} "IX. TRIAL COURT ABUSED ITS DISCRETION BY NOT PRESIDING OVER THE TRIAL FAIRLY AND IMPARTIALLY."

{¶15} This case comes to us on the accelerated calendar and is governed by App.R. 11.1, which states the following, in pertinent part:

{¶16} "(E) Determination and judgment on appeal

{¶17} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶18} The decision may be by judgment entry in which case it will not be published in any form."

I

{¶19} Herein, Appellants assert the trial court lacked jurisdiction because Altercare failed to first present its dispute at arbitration as they claim is mandated in the Residency Agreement ("RA"). We disagree.

{¶20} Section V (E) of the RA specifies any party desiring arbitration shall file a claim with NAF. Nothing in the record demonstrates either Altercare or Appellants did so. Appellants did not file a motion to stay pending arbitration pursuant to R.C. 2711.02. Accordingly, we find Appellants have waived their right to demand arbitration. We find the trial court did have jurisdiction to hear the matter.

{¶21} Appellants' first assignment of error is overruled.

III

**{¶22}** Herein, Appellants assert they are relieved from the obligation to pay Altercare because Altercare did not present its May, 2009 invoices to Appellants' insurance carrier, TRICARE. Appellants contend TRICARE would have paid the invoices had Altercare submitted them as provided in the RA.[2]

**{¶23}** At trial, Jeanna Kolek, who works in the Altercare collection department, identified Plaintiff's Exhibits C and D as advance beneficiary notices it received from Appellants' insurance carriers advising coverage would cease as of May 2, 2009, and May 15, 2009, respectively. The exhibits were admitted without objection. The magistrate found the exhibits, coupled with Kolek's testimony, established Appellants' insurance carrier(s) had already paid the maximum benefits. We find such finding was not against the manifest weight of the evidence.

**{¶24}** Appellants' third assignment of error is overruled.

IV

**{¶25}** This assignment of error relates to Appellants' third assignment of error and their counterclaim. Appellants assert they overpaid Altercare $400.00 for services rendered in May, 2009, which would have been paid by TRICARE had Altercare submitted the invoice to TRICARE. For the same reason set forth in our discussion of Appellants' third assignment of error, we overrule this assignment of error.

V and VI

**{¶26}** These assignments repeat the arguments Appellants assert in their third and fourth assignments of error and are overruled for the reasons set forth, supra.

---

[2] Appellants did not testify at trial as will be discussed infra in Assignment of Error II.

VII

**{¶27}** Appellants assert Altercare breached the RA, and because Altercare did not request Appellants' affirmative defenses as pled in their Answer be dismissed at trial, said affirmative defenses are valid.

**{¶28}** Appellants' lack of understanding they carry the burden of proof as to affirmative defenses is not an excuse for not presenting the necessary evidence to establish the same at trial. Appellants' conclusory statement Altercare breached the RA without further explanation in what manner it did so is insufficient to establish breach. Assuming the breach was Altercare's failure to submit invoices to TRICARE, we have already found such meritless.

**{¶29}** Appellants' seventh assignment of error is overruled.

VIII

**{¶30}** Appellants challenge the failure of Altercare to state in its complaint Lonnie's military status as mandated by R.C. 1925.04(B), and its failure to sign its complaint under oath. Appellants fail to cite where in the record they raised either issue in the trial court. Having failed to do so, we find Appellants have waived the issue and may not raise it for the first time on appeal.

**{¶31}** Appellants' eighth assignment of error is overruled.

IX

**{¶32}** Appellants conclusorarily allege the trial court was unfair and partial. Appellants' sole reference to the transcript evidence is a comment by the magistrate wherein he thanked both parties for their presentation and complimented counsel for Altercare.

{¶33} We have reviewed the entire transcript of the proceedings and conclude Appellants' claim of unfairness and partiality is without merit.

{¶34} Appellants' ninth assignment of error is overruled.

II

{¶35} Herein Appellants challenge the trial court's ruling finding each of them liable to Altercare. Appellants note Lonnie did not sign the RA, and Mary was not personally liable under the RA. We agree, in part.

{¶36} We have reviewed the RA entered as Plaintiff's Exhibit A and find it was executed only by Mary, in her representative capacity, despite Altercare's statement in its brief to this Court the RA was signed by Appellants and contrary to Altercare's counsel's representation in opening statement Mary also signed the RA.[3]

{¶37} Accordingly, we find the magistrate's Report, subsequently adopted by the trial court, erroneously concludes "Deft(s)" entered into a written agreement for services.[4] However, the Addendum to the Report of the Magistrate filed September 24, 2010, correctly recognized the written contract (RA) was between only Mary and Altercare. The magistrate did find nursing care services were provided for the benefit of Lonnie. Such finding is supported by the record.

{¶38} Because the record does not affirmatively demonstrate Lonnie was incompetent to enter into a contract at the time of his admission to Altercare's facility, we find the judgment against him valid under Altercare's second count in its complaint for unjust enrichment.

---

[3] Appellee's Brief at p.4 and Tr. p. 5, line 10.
[4] September 13, 2010 Report of the Magistrate (emphasis added).

**{¶39}** Turning to the issue of Mary's personal liability, Altercare based its claim on Mary's signing the RA as representative for Lonnie. Altercare asserts by signing the RA, Mary agreed to be personally liable for the services rendered to Lonnie. Upon our review of the RA, we disagree.

**{¶40}** Section II (A)(1) of the RA reads:

**{¶41} A. Responsibility for Payment.**

**{¶42}** You shall pay all charges and fees for services that are billed to You by Facility.

**{¶43}** 1. <u>No Personal Liability of Representative</u>. All financial obligations in this Agreement are the Resident's, and, except as specifically provided otherwise in the Agreement or as agreed to by Representative, nothing in this Agreement shall be construed to require that a Representative is in any way personally liable to pay for services rendered by Facility to the Resident.

**{¶44}** Altercare does not identify in its brief to this Court nor reference where in the transcript what other specific provision in the RA rendered Mary personally liable. We also note, in Section II(B)(5)(6) of the RA, Mary specifically indicated she would not personally guarantee payment if Medicaid was not approved.

**{¶45}** Altercare submits Mary admitted she agreed to make payment for monies due and owing for Lonnie's care, citing Tr. p.9, lines 23-24. We find the alleged admission needs to be put in context to properly assess its impact.

**{¶46}** The referenced statement by Mary occurred after the conclusion of direct examination of Altercare employee Jeanna Kolek. At that time, the magistrate inquired of Appellants if they had anything they wanted to ask the witnesses or, if they did not

want to ask questions, whether there was any way they would like to respond to the witnesses' testimony. Mary responded by saying the only thing she knew was that she received a bill for $1800.00, and made an agreement with Altercare to send $100.00/month. The transcript at p. 9, lines 23-24 reads, "But I thought I'll still try to pay something because <u>if</u> they said I owed it, then I owed it, okay" (emphasis added). We do not construe Mary's statement as a clear, unconditional admission of personal liability on her part.

**{¶47}** Altercare also claims Mary admitted in her testimony she understood she was responsible of any balance on the account, citing Tr. p. 19, lines 20-22. Therein, Mary stated she did understand, in the beginning, if there was any balance, she "may have to pay – may have to." Such statement was offered by Mary after Altercare rested its case, and after the magistrate invited her to make a final comment.

**{¶48}** There is no indication in the record Mary had been sworn in as a witness; therefore, her statement was not "testimony". Further, we do not find her statement she understood in the beginning she "may" have to pay is an unequivocal admission of personal liability. Mary's understanding in the beginning as to her potential liability does not satisfy Altercare's obligation to establish why Mary incurred personal liability in contravention of the clear language in Section II(A)(1) of the RA.

{¶49} Accordingly, we find the trial court erred in awarding judgment against Mary.  Appellants' second assignment of error is sustained only as it relates to Mary.

By: Hoffman, J.

Gwin, P.J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


ALTERCARE OF LOUISVILLE                    :
CENTER FOR REHABILITATION &                :
NURSING CARE, INC.                         :
                                           :
    Plaintiff-Appellee                     :
                                           :
-vs-                                       :          JUDGMENT ENTRY
                                           :
LONNIE L. GOSSETT AND                      :
MARY M. GOSSETT                            :
                                           :
    Defendants-Appellants                  :          Case No. 2010CA00325


For the reasons set forth in the accompanying Opinion, the judgment of the

Canton Municipal Court is affirmed in part and reversed in part and the case is ordered

remanded to the trial court to re-enter judgment in accordance with our Opinion and the

law.  Costs to be divided equally.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS