[Cite as *Abram v. Eldermen Properties, L.L.C.*, 2021-Ohio-523.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Anita Abram, | : | |
| Plaintiff-Appellee, | : | No. 19AP-791 |
| | | (M.C. No. 2019 CVI 031241) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Eldermen Properties, L.L.C., et al., | : | |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on February 25, 2021

**On brief:** *David M. Neubauer*, for appellants.

APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1} Defendants-appellants, Eldermen Properties, L.L.C., and Jesse Pace, appeal from an entry of the Franklin County Municipal Court, Small Claims Division, denying their motion for relief from judgment pursuant to Civ.R. 60(B). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On August 13, 2019, plaintiff-appellee, Anita Abram, filed a complaint against appellants for damage to her personal property caused by flooding to her apartment and appellants' subsequent failure to timely remedy the situation, as well as for appellants' failure to return her security deposit under the terms of their landlord-tenant relationship. Service by certified mail was accomplished, and the trial court scheduled a trial before a magistrate for September 24, 2019 at 1:30 p.m. Prior to the scheduled trial, on September 18, 2019, appellants filed a counterclaim against Abram alleging nonpayment of rent.

{¶ 3}   Appellants failed to appear at the scheduled trial.   Pursuant to appellants' nonappearance, the magistrate determined judgment should be entered for Abram in the amount of $5,000, and the magistrate additionally determined judgment should be entered for Abram on appellants' counterclaim.   The trial court adopted the magistrate's decision in a September 25, 2019 judgment entry.

{¶ 4}   Subsequently, on October 4, 2019, appellants filed a motion for relief from judgment pursuant to Civ.R. 60(B).   In their motion, appellants asserted they failed to appear at the September 24, 2019 trial because they "expected" the trial court would continue the trial date in order to give Abrams time to respond to appellants' recently filed counterclaim.   (Mot. at 2.)   Appellants additionally assert the magistrate made numerous errors in its decision, and they argued they had several meritorious defenses to present should they be granted relief from judgment.

{¶ 5}   In an October 29, 2019 entry, the trial court denied appellants' motion for relief from judgment without a hearing.   Specifically, the trial court noted appellants were attempting to use their Civ.R. 60(B) motion as a substitute for filing objections to the magistrate's decision within 14 days as provided under Civ.R. 53(D)(3)(b).   Additionally, the trial court determined that even if appellants' arguments were properly raised in their motion for relief from judgment, appellants nonetheless did not establish excusable neglect entitling them to relief under Civ.R. 60(B).   Appellants timely appeal.

## II.  Assignments of Error

{¶ 6}   Appellants assign the following errors for our review:

> [1.] The trial court abused its discretion in failing to grant defendants-appellants an evidentiary hearing on their motion for relief from judgment which contained allegations of operative facts warranting relief under Civil Rule 60(B).
>
> [2.] The trial court erred by denying defendant-appellant, Eldermen Properties, L.L.C., due process because the court was without authority to dismiss the counter-claim against plaintiff-appellee under Civ.Rule 4 due to insufficiency of service of the counterclaim upon plaintiff-appellee and because plaintiff-appellee did not waive her right to service of the counter-claim at the September 24, 2019 trial.

[3.] The trial court denied defendant-appellant, Eldermen Properties, L.L.C., due process by failing to dismiss its counterclaim against plaintiff-appellee on the record of the trial but only by notation on the magistrate's decision form.

[4.] The trial court erred and was without authority to grant judgment to plaintiff-appellee because her complaint statutorily failed to commence an action before the court pursuant to R.C. 1925.04.

## III. First Assignment of Error – Civ.R. 60(B) Motion

{¶ 7} In their first assignment of error, appellants argue the trial court abused its discretion in denying their motion for relief from judgment without granting them an evidentiary hearing.

{¶ 8} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test. The movant must demonstrate (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. There will be no relief if the movant fails to satisfy any one of the prongs of the *GTE* test. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for an abuse of discretion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 7; *Oberkonz v. Gosha*, 10th Dist. No. 02AP-237, 2002-Ohio-5572, ¶ 12. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} A party filing a motion for relief from judgment pursuant to Civ.R. 60(B) is not automatically entitled to a hearing on the motion. *Canel v. Holland*, 10th Dist. No. 19AP-570, 2020-Ohio-4797, ¶ 13, citing *Davis v. Davis*, 10th Dist. No. 15AP-1078, 2016-Ohio-7790, ¶ 13. As this court has stated, "if the Civ.R. 60(B) motion contains allegations of operative facts that would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion." *Mattingly v.*

*Deveaux*, 10th Dist. No. 03AP-793, 2004-Ohio-2506, ¶ 7. "Conversely, '[i]f the material submitted by the movant in support of a motion for relief from judgment under [Civ.R. 60(B)] contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing.' " *U.S. Bank Natl. Assn. v. Lewis*, 10th Dist. No. 18AP-550, 2019-Ohio-3014, ¶ 28, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97 (8th Dist.1974), paragraph four of the syllabus.

{¶ 10} Appellants sought relief from judgment under Civ.R. 60(B)(1), which provides that a court may provide relief for "mistake, inadvertence, surprise or excusable neglect." In denying appellants' motion, the trial court determined that appellants demonstrated neglect but not excusable neglect. The Supreme Court of Ohio has defined "excusable neglect" in the negative, stating "that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996), quoting *GTE* at 153. A court must consider all the individual facts and circumstances of a case when determining whether a moving party's inaction constitutes excusable neglect. *Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980). "[T]he concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.' " *Colley* at 248, quoting *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12 (1978).

{¶ 11} Here, we agree with the trial court that appellants failed to demonstrate excusable neglect. In their motion for relief from judgment, appellants admit that neither they nor their counsel appeared at the scheduled hearing despite knowing when and where it was to take place, even admitting that appellants' counsel was appearing in a different courtroom in the same building at the time of the scheduled hearing. Despite their admitted intention not to appear at the hearing, appellants did not request a continuance nor convey any indication either to Abram or to the trial court that appellants intended to be absent from the scheduled hearing. Instead, appellants argued it was for the trial court to determine, sua sponte, that appellants' filing of a counterclaim days earlier should have signaled to the trial court that they wanted a continuance and would not appear. The trial

court found appellants' complete lack of communication with both the trial court and Abram, as well as their disregard for the obligation to appear for trial in small claims proceedings set forth in R.C. Chapter 1925, compelled the conclusion that appellants did not demonstrate they were entitled to relief under Civ.R. 60(B)(1) based on excusable neglect. Having reviewed the record, we find the trial court reasonably determined that appellants' inaction in seeking a continuance, failing to communicate, and deliberately failing to appear at the scheduled hearing amounted to "a complete disregard for the judicial system" and was not excusable neglect. *Minkin v. Ohio State Home Servs., Inc.*, 10th Dist. No. 16AP-178, 2016-Ohio-5804, ¶ 10.

{¶ 12} Because appellants failed to satisfy the second prong of the *GTE* test, they were not entitled to relief under Civ.R. 60(B). *Strack* at 174. Nonetheless, appellants argue they put forth sufficient operative facts to demonstrate they had a meritorious defense, and thus they insist the trial court abused its discretion in denying their motion without first granting them a hearing. However, even if we were to assume that appellants' motion put forth sufficient operative facts for relief under the first prong of the *GTE* test, we find no merit to appellants' claim that satisfying one prong of the *GTE* test is enough to warrant a hearing on a Civ.R. 60(B) motion. As this court has held, where a movant who seeks relief pursuant to Civ.R. 60(B)(1) fails to set forth operative facts demonstrating excusable neglect, a trial court does not abuse its discretion in denying the Civ.R. 60(B) motion without holding an evidentiary hearing. *Social Psychological Servs., Inc. v. Magellan Behavioral Health, Inc.*, 10th Dist. No. 10AP-326, 2010-Ohio-6531, ¶ 18, citing *Cunningham v. Ohio Dept. of Transp.*, 10th Dist. No. 08AP-330, 2008-Ohio-6911, ¶ 37.

{¶ 13} Accordingly, we conclude the trial court did not abuse its discretion in denying appellants' motion for relief from judgment pursuant to Civ.R. 60(B) without holding an evidentiary hearing. We overrule appellants' first assignment of error.

## IV. Second and Third Assignments of Error – Dismissal of Counterclaim

{¶ 14} Appellants' second and third assignments of error are interrelated, and we address them jointly. In their second assignment of error, appellants argue the trial court erred in entering judgment on their counterclaim in favor of Abram where Abram did not waive service of the counterclaim. In their third assignment of error, appellants argue the trial court erred in entering judgment in favor of Abram on their counterclaim in the

judgment entry without first pronouncing judgment on the counterclaim at the hearing. Taken together, these two assignments of error assert the trial court erred in granting judgment in favor of Abram on appellants' counterclaim.

{¶ 15} Under their second and third assignments of error, appellants set forth various errors they assert both the magistrate and the trial court committed in entering judgment on their counterclaim. As the trial court noted in denying appellants' Civ.R. 60(B) motion, appellants never filed objections to the magistrate's decision as provided under Civ.R. 53(D)(3)(b). To the extent appellants' arguments under these assignments of error challenge factual or legal conclusions of the magistrate, we are mindful that "[a] party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv). Moreover, to the extent appellants' arguments in this regard are an attempt to assert meritorious defenses they may have had to the judgment against them, we previously noted in our resolution of appellants' first assignment of error that even if appellants may have had a meritorious defense, the trial court nonetheless did not abuse its discretion in denying their Civ.R. 60(B) motion based on their failure to demonstrate excusable neglect. For these reasons, we overrule appellants' second and third assignments of error.

## V. Fourth Assignment of Error – Compliance with R.C. 1925.04

{¶ 16} In their fourth and final assignment of error, appellants argue the trial court erred in entering judgment in favor of Abram where her complaint did not satisfy the requirements of commencing an action set forth in R.C. 1925.04. More specifically, appellants assert Abram did not sign her complaint under oath.

{¶ 17} R.C. 1925.04 governs the commencement of an action in small claims court. R.C. 1925.04(A) provides that "[a]n action is commenced in the small claims division when the plaintiff, or the plaintiff's attorney, states the amount and nature of the plaintiff's claim to the court as provided in this section." In turn, R.C. 1925.04(B) provides:

> The plaintiff, or the plaintiff's attorney, shall state to the administrative assistant or other official designated by the court, the plaintiff's and the defendant's place of residence, the military status of the defendant, and the nature and amount of the plaintiff's claim. The claim shall be reduced to writing in

> concise, nontechnical form.  Such writing shall be signed by the plaintiff, or the plaintiff's attorney, under oath.

{¶ 18}  Here, Abram's complaint contained a section at the bottom of the document labeled "Complainant's Oath."  This section included a statement that "I declare under penalty of law that this Complaint is true and correct to the best of my knowledge" underneath which Abram signed her name and provided the date.  Appellants argue this section of the complaint was not enough to render the complaint signed "under oath" and argue instead that the requirement that the complaint be signed "under oath" found in R.C. 1925.04(B) must require a notary jurat.

{¶ 19}  A review of the record indicates appellants did not raise any alleged defect in Abram's complaint in the trial court, either as part of their Civ.R. 60(B) motion or in any other filing.  Appellants' failure to argue in the trial court that Abram did not comply with R.C. 1925.04(B) results in waiver of that issue, and they may  not raise the issue for the first time on appeal.  *Altercare of Louisville Ctr. for Rehab. & Nursing Care, Inc. v. Gossett*, 5th Dist. No. 2010CA00325, 2011-Ohio-1031, ¶ 30 (concluding appellants' failure "to cite where in the [trial court] record they raised" the issue of the plaintiff's "failure to sign its complaint under oath" as required by R.C. 1925.04(B) results in waiver of the issue, and appellants may not raise that issue for the first time on appeal).  Therefore, we decline to consider appellants' argument for the first time on appeal that Abram's complaint was defective.  *Wu v. Northeast Ohio Med. Univ.*, 10th Dist. No. 18AP-656, 2019-Ohio-2530, ¶ 17 (noting "[a] party who fails to raise an argument in the trial court waives the right to raise it on appeal").  We overrule appellants' fourth and final assignment of error.

## VI.  Disposition

{¶ 20}  Based on the foregoing reasons, the trial court did not abuse its discretion in denying appellants' Civ.R. 60(B) motion for relief from judgment without an evidentiary hearing.  Having overruled appellants' four assignments of error, we affirm the judgment of the Franklin County Municipal Court, Small Claims Division.

*Judgment affirmed.*

DORRIAN, P.J., and SADLER, J., concur.

_____