[Cite as *Elevation Ents., Ltd. v. Anchor Capitol, L.L.C.*, 2023-Ohio-1646.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Elevation Enterprises Limited d/b/a Elevation Commercial Realty, | : | |
| | : | No. 22AP-365 |
| Plaintiff-Appellee, | | (C.P.C. No. 19CV-9573) |
| | : | |
| v. | | (REGULAR CALENDAR) |
| | : | |
| Anchor Capitol L.L.C. c/o Philip G. Schell, | : | |
| Defendant-Appellant, | : | |
| [Whittier Park Limited, | : | |
| Intervenor-Appellant], | : | |
| Northwest Title Family of Companies, Inc. c/o James Scott Stevenson, | : | |
| | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 16, 2023

**On brief:** *Kemp, Schaeffer & Rowe, Co., L.P.A., Scott N. Schaeffer*, and *Daniel A. Yarmesch*, for appellee, Elevation Enterprises Limited. **Argued:** *Daniel A. Yarmesch.*

**On brief:** *Kevin R. Nose*, for appellant Anchor Capitol, L.L.C.; *Kevin E. Humphreys*, for intervenor-appellant Whittier Park Limited. **Argued:** *Kevin E. Humphreys* and *Kevin R. Nose.*

**On brief:** *Northwest Law LLC*, *William D. Fergus, Jr.*, and *Charles A. Brigham, III*, for appellee, Northwest Title Family of Companies, Inc. **Argued:** *Curtis H. Knapp.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Anchor Capitol L.L.C. ("Anchor"), appeals from a decision and entry of the Franklin County Court of Common Pleas denying its Civ.R. 60(B) motion for relief from judgment, motion for leave to file an answer, and motion to strike the notice of satisfaction of judgment. Intervenor-appellant, Whittier Park Limited ("Whittier"), appeals from the same decision and entry of the trial court denying its motion for leave to intervene. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On November 27, 2019, plaintiff-appellee, Elevation Enterprises Limited d/b/a Elevation Commercial Realty ("Elevation"), filed a complaint against Anchor and defendant-appellee, Northwest Title Family of Companies, Inc. ("Northwest Title"), for declaratory judgment, breach of contract, and quantum meruit. The complaint alleged Elevation was the exclusive listing agent for real property owned by Anchor and, pursuant to the listing agreement, Anchor agreed to pay Elevation a 5 percent commission in a procured purchase of the property. The complaint further alleged Anchor failed to pay Elevation the commission from the sale of the listed property, and Elevation thus sought an order instructing Northwest Title to release funds it held in escrow in the amount of $108,750 and to deliver the funds to Elevation in satisfaction of Elevation's claims.

{¶ 3} Northwest Title filed a timely answer on December 9, 2019. Anchor did not file an answer or otherwise defend any of the allegations against it. The record indicates service to Anchor was completed by certified mail on December 6, 2019. Elevation then filed a motion for default judgment against Anchor on January 8, 2020. Neither Anchor nor Northwest Title opposed the motion for default judgment, and Anchor did not otherwise appear.

{¶ 4} On January 28, 2020, the trial court granted Elevation's motion for default judgment, awarding Elevation damages in the amount of $108,750 for the unpaid real estate commission. The trial court ordered Northwest Title to transfer the escrowed funds to Elevation. Northwest Title then transferred the escrowed funds to Elevation, and Elevation filed a notice of satisfaction of judgment with the trial court on January 29, 2020.

{¶ 5} Nearly one-full year later, on January 22, 2021, Anchor and proposed intervenor Whittier filed a series of motions seeking to overturn the January 28, 2020

judgment entry. The combined filings included: (1) a motion for leave for Whittier to intervene or be joined as a defendant; (2) a motion to vacate the January 28, 2020 judgment entry and for relief from judgment pursuant to Civ.R. 60(B); (3) a motion to strike the January 29, 2020 notice of satisfaction of judgment; and (4) a motion for leave for Anchor to file an answer to Elevation's complaint.

{¶ 6} In the combined motions, Anchor asserted it failed to respond to the complaint due to "illness and mistake," alleging that while Philip G. Schell, the sole member of Anchor, received service of the complaint, he mistakenly believed the complaint related to a different lawsuit between the parties and therefore never notified his attorney that he had received it. (Mot. to Vacate at 13.) Anchor also alleged Schell was in the midst of "an extended six-week medical recovery" when the complaint arrived and that an employee had signed for the complaint but not opened it, and Schell did not open the complaint until he returned from his medical leave. (Mot. to Vacate at 5.) Thus, Anchor sought relief from judgment under Civ.R. 60(B)(1), (3), and (5). Additionally, Anchor alleged Elevation was not entitled to the claimed commission because Anchor never completed the sale on which the commission was based and instead sold the property to Whittier. As the ultimate purchaser of the property, Whittier asserted it should be permitted to intervene or joined as a defendant because it had an interest in the escrowed funds. More specifically, Whittier alleged it had advanced the $108,750 to Anchor in order to fund the escrow and Whittier therefore had an interest in protecting those funds.

{¶ 7} Elevation filed a memorandum contra to the combined motions on February 5, 2021. Elevation reiterated, as it had set forth in its complaint, that the same family owns and/or controls both the original purchaser that Elevation had procured for the property and the ultimate purchaser, Whittier. When Elevation learned that Anchor, the original purchaser, and Whittier were working together to complete the sale of the property without paying Elevation a commission, Elevation recorded a broker's lien on November 28, 2018. Despite the lien, Anchor and Whittier continued with the closing of the sale, and, on September 23, 2019, Northwest Title extinguished the broker's lien by placing the $108,750 Elevation claimed was due and owing in escrow. Elevation stated it filed the complaint after it could not resolve the dispute with Anchor's counsel to obtain the escrowed funds. After obtaining the default judgment and filing the satisfaction of

judgment, counsel for Elevation sent Whittier a copy of a recorded release of the broker's lien on May 29, 2020 as well as settlement correspondence in an unrelated case that referenced the instant matter.   Elevation noted that neither Anchor nor Whittier took any action with respect to this case until January 22, 2021, more than 13 months after Anchor was served with the complaint and almost one-full year after judgment was rendered and satisfied.

{¶ 8}   Northwest Title additionally filed a response to the combined motions on February 8, 2021.  Northwest Title noted it did not owe a duty to Whittier regarding the escrowed funds and its duties to Anchor were limited to those set forth in the escrow agreement and R.C. 1311.92.  Further, Northwest stated it did not owe a duty to Anchor and Whittier to inform them of the existence of Elevation's action against Anchor and that it had no duty or legal grounds to oppose Elevation's motion for default judgment.

{¶ 9}   In a May 24, 2022 decision and entry, the trial court denied Anchor's and Whittier's motions without a hearing.  Specifically, the trial court found Whittier did not timely move to intervene and noted that Whittier offered no explanation for waiting nearly one year after judgment was entered to seek to intervene.  The trial court further found that Whittier did not have any interest in the funds that formed the basis of Elevation's complaint, rejecting Whittier's claimed interest by virtue of being the owner of the funds when they were advanced to Anchor before being deposited into the escrow account.  As to the Civ.R. 60(B) motion, the trial court determined Anchor failed to allege any operative facts demonstrating it is entitled to relief under Civ.R. 60(B)(3) or (5).  Additionally, the trial court found Anchor failed to demonstrate excusable neglect, pursuant to Civ.R. 60(B)(1), for its failure to appear or defend the action.  The trial court also found Anchor failed to demonstrate excusable neglect such that Anchor should be entitled to leave to file an answer to Elevation's complaint.  Having rejected Anchor's and Whittier's arguments related to the motion to intervene and to vacate the judgment, the trial court similarly denied the motion to strike the January 29, 2020 notice of satisfaction of judgment.  Anchor and Whittier timely appeal.

## II.  Assignments of Error

{¶ 10} Appellants assign the following five assignments of error for our review:

[I.] The trial court erred in failing to grant the motion to vacate the January 28, 2020 judgment.

[II.] The trial court erred in failing to hold an evidentiary hearing prior to denying the motion to vacate the January 28, 2020 judgment.

[III.] The trial court erred in denying Anchor's motion seeking leave to file an answer.

[IV.] The trial court erred in denying Anchor's motion seeking to have the January 29, 2020 satisfaction of judgment stricken.

[V.] The trial court erred in denying [Whittier's] motion to intervene and for joinder.

We note that although appellants filed a joint brief, only Anchor was a party to the proceedings in the trial court. Thus, we will consider the assignments of error related to the merits of the trial court's decision, namely the first, second, third, and fourth assignments of error, as relating solely to Anchor. Because the fifth assignment of error relates to the trial court's decision on the motion to intervene and for joinder, we will consider the portion of the fifth assignment of error relating to the motion to intervene as relating solely to Whittier and the portion relating to the motion for joinder as relating solely to Anchor.

## III. First Assignment of Error – Civ.R. 60(B) Motion

{¶ 11} In its first assignment of error, Anchor argues the trial court abused its discretion in denying its motion for relief from judgment.

{¶ 12} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test. The movant must demonstrate: (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. There will be no relief if the movant fails to satisfy any one of the prongs of the *GTE* test. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An

appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for an abuse of discretion. *Harris v. Anderson, Warden*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 7; *Oberkonz v. Gosha*, 10th Dist. No. 02AP-237, 2002-Ohio-5572, ¶ 12. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} Anchor sought relief from judgment pursuant to Civ.R. 60(B)(1), (3), and (5). We address each of its arguments in turn.

### A. Civ.R. 60(B)(1) – Excusable Neglect

{¶ 14} Pursuant to Civ.R. 60(B)(1), a court may provide relief from judgment for "mistake, inadvertence, surprise or excusable neglect." In denying Anchor's motion, the trial court determined that Anchor had not demonstrated excusable neglect. The Supreme Court of Ohio has defined "excusable neglect" in the negative, stating "that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996), quoting *GTE* at 153. A court must consider all the individual facts and circumstances of a case when determining whether a moving party's inaction constitutes excusable neglect. *Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980). "[T]he concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.' " *Id.* at 248, quoting *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12 (1978).

{¶ 15} Here, the facts support the trial court's determination that Anchor failed to demonstrate excusable neglect. Anchor acknowledged it was properly served, and further acknowledged that Schell reviewed the case information after reading the complaint and did not act quickly because the trial was initially scheduled to be one year away. Though Anchor would have us find excusable neglect from Schell's mistaken belief that the complaint related to some other litigation and his accompanying assumption that counsel in the other case would respond as necessary, we note that Anchor provides no details about the alleged other litigation that would explain Anchor's failure to respond to the complaint. Instead, Anchor makes only a vague reference to the existence of other litigation.

{¶ 16} We are also mindful that " '[a] party who is informed of court action against him and fails to seek legal assistance does so at his risk and such conduct cannot be said to constitute "excusable neglect" under Civ.R. 60(B)(1) * * * unless a compelling reason is presented, like a serious illness.' " (Internal quotations and citations omitted.) *Suon v. Mong*, 10th Dist. No. 17AP-879, 2018-Ohio-4187, ¶ 27, quoting *Gamble Hartshorn, L.L.C. v. Lee*, 10th Dist. No. 17AP-35, 2018-Ohio-980, ¶ 29. While Anchor asserts Schell was dealing with a medical issue when the complaint arrived, Anchor does not provide any details or explanation of how that medical issue prevented Schell from responding to the complaint. Even if Schell's medical issue could explain Anchor's immediate failure to respond to the complaint within the 28-day timeframe contemplated in Civ.R. 12, Anchor provides no explanation for its continued delay of nearly one year from the entry and satisfaction of judgment before taking any action despite its admission that it knew of the underlying action. Instead, from Anchor's own motion, Anchor established only that it received the complaint, read the complaint, and then chose not to take any action until one year after the trial court entered judgment. From these facts, the trial court reasonably determined that Anchor's inaction in response to the lawsuit did not constitute excusable neglect.

{¶ 17} Thus, the trial court did not abuse its discretion in finding no excusable neglect.

### B. Civ.R. 60(B)(3) – Fraud, Misrepresentation, or Other Misconduct

{¶ 18} Anchor additionally argues it was entitled to relief from judgment, pursuant to Civ.R. 60(B)(3), which provides for relief due to fraud, misrepresentation, or other misconduct of an adverse party. In support of its argument, Anchor asserts Elevation and Northwest Title fraudulently obtained a judgment for commission of a real estate transaction when Elevation knew it did not participate in the ultimate sale of the property. However, "the fraud, misrepresentation, or other misconduct contemplated by Civ.R. 60(B)(3) refers to deceit or other unconscionable conduct committed by a party to obtain a judgment and does not refer to conduct that would have been a defense to or claim in the case itself." *Bank of Am., N.A. v. Kutcha*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 13. Though Anchor attempts to bring its claim of fraud within the purview of Civ.R. 60(B)(3) by asserting Elevation fraudulently obtained the default judgment, we agree with the trial

court that the substance of Anchor's argument under this provision actually represents its assertion of a meritorious defense: that Elevation was not entitled to the commission. Anchor does not, in its motion for relief from judgment, allege Elevation or Northwest engaged in any behavior that would constitute fraud, misrepresentation, or other misconduct in Elevation's act of seeking and obtaining the default judgment against Anchor. *See Dublin v. RiverPark Group., L.L.C.*, 10th Dist. No. 21AP-115, 2022-Ohio-1294, ¶ 20 (noting "Civ.R. 60(B)(3) applies when an adverse party's fraud, misrepresentation, or misconduct in obtaining a judgment prevents the other party from fully and fairly presenting its case"). Thus, the trial court did not abuse its discretion in finding Anchor did not set forth facts constituting fraud, misrepresentation, or misconduct under Civ.R. 60(B)(3).

### C. Civ.R. 60(B)(5) – Catch-all

**{¶ 19}** Anchor also sought relief from judgment pursuant to Civ.R. 60(B)(5). Known as the "catch-all" provision, a court may grant relief from judgment under Civ.R. 60(B)(5) only in the extraordinary and unusual cases in which the moving party demonstrates substantial grounds warranting relief from judgment. *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 22, citing *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph two of the syllabus. Substantial grounds warranting relief from judgment exist where the moving party can establish a fraud upon the court. *Id.*, citing *Coulson v. Coulson*, 5 Ohio St.3d 12 (1983), paragraph one of the syllabus. "Fraud upon the court exists if the fraud 'defile[s] the court itself, or is a fraud perpetuated by the officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudicating cases that are presented for adjudication.' " *Id.*, quoting *Coulson* at 15. Courts narrowly construe fraud upon the court as contemplated in Civ.R. 60(B)(5) to prevent it from subsuming fraud upon a party as contemplated in Civ.R. 60(B)(3). *Luke* at ¶ 23. Thus, Civ.R. 60(B)(3) is the appropriate basis for requesting relief where the alleged fraud occurred between the parties, while Civ.R. 60(B)(5) is the appropriate basis for requesting relief where an attorney or other officer of the court perpetuates a fraud on the court. *Id.* at ¶ 26.

**{¶ 20}** Anchor argues counsel for Elevation acted improperly and perpetuated a fraud upon the court when it sought judgment for Elevation knowing that Elevation was

not entitled to the commission. Through this argument, Anchor attempts to repackage the argument it made under Civ.R. 60(B)(3). However, as we explained above, Anchor's arguments about the propriety of the underlying judgment relate to its possible meritorious defense of the action and do not, despite Anchor's attempts to utilize careful language, bring the allegations under the catch-all provision of Civ.R. 60(B)(5). Accordingly, the trial court did not abuse its discretion in determining Anchor did not allege operative facts demonstrating relief under Civ.R. 60(B)(5).

{¶ 21} We agree with the trial court that Anchor did not allege operative facts demonstrating it was entitled to relief from judgment under Civ.R. 60(B)(1), (3), or (5). Because Anchor could not satisfy the second prong of the *GTE* test, the trial court did not abuse its discretion in denying Anchor's motion for relief from judgment. *Strack* at 174. Therefore, we overrule Anchor's first assignment of error.

## IV. Second Assignment of Error – Failure to Conduct a Hearing

{¶ 22} In its second assignment of error, Anchor argues the trial court erred when it denied its Civ.R. 60(B) motion without first conducting an evidentiary hearing.

{¶ 23} A party filing a motion for relief from judgment pursuant to Civ.R. 60(B) is not automatically entitled to a hearing on the motion. *Canel v. Holland*, 10th Dist. No. 19AP-570, 2020-Ohio-4797, ¶ 13, citing *Davis v. Davis*, 10th Dist. No. 15AP-1078, 2016-Ohio-7790, ¶ 13. As this court has stated, "if the Civ.R. 60(B) motion contains allegations of operative facts that would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion." *Mattingly v. Deveaux*, 10th Dist. No. 03AP-793, 2004-Ohio-2506, ¶ 7. "Conversely, '[i]f the material submitted by the movant in support of a motion for relief from judgment under [Civ.R. 60(B)] contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing.' " *U.S. Bank Natl. Assn. v. Lewis*, 10th Dist. No. 18AP-550, 2019-Ohio-3014, ¶ 28, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97 (8th Dist.1974), paragraph four of the syllabus.

{¶ 24} As we explained in our resolution of Anchor's first assignment of error, Anchor did not allege any operative facts that would warrant relief under Civ.R. 60(B)(3) or (5). With respect to its allegations under Civ.R. 60(B)(1), Anchor asserts it should have,

at minimum, been granted a hearing to more fully explain its failure to respond to the complaint. However, as the moving party, it was Anchor's burden to set forth sufficient operative facts in its motion demonstrating excusable neglect. Though Anchor set forth facts that its conduct was neglectful, it did not allege any facts to establish its conduct constituted excusable neglect within the meaning of Civ.R. 60(B)(1). A party cannot set forth limited allegations and legal conclusions in a motion for Civ.R. 60(B)(1) with the promise of more details to come at an evidentiary hearing; instead, to warrant an evidentiary hearing, the moving party must allege sufficient operative facts in the motion, itself. *Abram v. Eldermen Properties, L.L.C.*, 10th Dist. No. 19AP-791, 2021-Ohio-523, ¶ 12 ("where a movant who seeks relief pursuant to Civ.R. 60(B)(1) fails to set forth operative facts demonstrating excusable neglect, a trial court does not abuse its discretion in denying the Civ.R. 60(B) motion without holding an evidentiary hearing").

**{¶ 25}** Because Anchor did not set forth sufficient operative facts demonstrating excusable neglect, the trial court did not abuse its discretion in failing to conduct an evidentiary hearing before denying Anchor's motion for relief from judgment. Therefore, we overrule Anchor's second assignment of error.

**V. Third Assignment of Error – Denial of Motion Seeking Leave to File Answer**

**{¶ 26}** In its third assignment of error, Anchor argues the trial court erred in denying its motion for leave to file an answer.

**{¶ 27}** Pursuant to Civ.R. 6(B)(2), a trial court may extend the time to file an untimely pleading "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect." To determine whether the neglect at issue qualifies as excusable neglect, a court must consider all the surrounding facts and circumstances. *Asamoah v. SYGMA Network, Inc.*, 10th Dist. No. 21AP-405, 2022-Ohio-1868, ¶ 16, citing *Davis, Admr. v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 14 (1997). A party's conduct is inexcusable neglect where the conduct falls substantially below what is reasonable under the circumstances or reflects a complete disregard for the judicial system. *Id.*, citing *Dietrich v. Dobos*, 10th Dist. No. 15AP-2, 2015-Ohio-4866, ¶ 13. An appellate court reviews a trial court's ruling on a motion for an extension of time under Civ.R. 6(B)(2) for an abuse of discretion. *Asamoah* at ¶ 17, citing *State ex rel.*

*Lindenschmidt v. Bd. of Commrs. of Butler Cty.*, 72 Ohio St.3d 464, 465 (1995), and *Davis* at 14.

{¶ 28} Through this assignment of error, Anchor reiterates the arguments made under its first assignment of error, asserting the trial court abused its discretion in failing to find Anchor's failure to timely respond to the complaint was a result of excusable neglect. For the reasons articulated above, we agree with the trial court that Anchor did not allege sufficient facts demonstrating its conduct amounted to excusable neglect. Accordingly, the trial court did not abuse its discretion in denying Anchor's motion for an extension of time to file an answer. Therefore, we overrule Anchor's third assignment of error.

## VI. Fourth Assignment of Error – Notice of Satisfaction of Judgment

{¶ 29} In its fourth assignment of error, Anchor argues the trial court erred in denying its motion to strike the notice of satisfaction of judgment.

{¶ 30} "The Supreme Court of Ohio has held ' "[w]here the court rendering judgment has jurisdiction of the subject matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." ' " *Thompson v. Lester*, 10th Dist. No. 17AP-898, 2018-Ohio-4298, ¶ 13, quoting *In re Appropriation for Hwy. Purposes: Rauch v. Noble, Dir. of Hwys.*, 169 Ohio St. 314, 216 (1959), quoting *Lynch v. Bd. of Edn. of City School Dist. of Lakewood*, 116 Ohio St. 361 (1927), paragraph three of the syllabus; *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990). Relying on the same arguments in support of its motion for relief from judgment, Anchor asserts the trial court should have granted its motion to strike the notice of satisfaction of judgment because, Anchor maintains, the judgment was not voluntarily paid.

{¶ 31} Anchor concedes this court should sustain its fourth assignment of error as a means of providing Anchor complete relief only if we have determined it is entitled to relief on either the first or second assignments of error related to the Civ.R. 60(B) motion and the lack of a hearing. Having already determined the trial court did not abuse its discretion in denying Anchor's Civ.R. 60(B) motion for relief from judgment without a hearing, Anchor's argument related to the notice of satisfaction of judgment lacks merit. Therefore, we overrule Anchor's fourth assignment of error.

## VII. Fifth Assignment of Error – Motion to Intervene and for Joinder

{¶ 32} In their fifth and final assignment of error, appellants argue the trial court erred in denying the motion to intervene and for joinder. We clarify, as we noted above, the portion of this assignment of error related to the motion to intervene relates to Whittier, while the portion of this assignment of error related to the motion for joinder relates to Anchor.

{¶ 33} Civ.R. 24 allows a non-party to an action to file a motion to intervene. Where a non-party to an action claims an interest relating to the property or transaction that is the subject of the action, and the non-party is situated such that disposition of the action may impair or impede the ability to protect that interest, the non-party may file a motion to intervene pursuant to Civ.R. 24(A). *Nigh Law Group*, *L.L.C. v. Pond Family Med. Ctr.*, *Inc.*, 10th Dist. No. 21AP-558, 2022-Ohio-2036, ¶ 14, citing *Eaton Natl. Bank & Trust Co. v. LNG Resources*, *L.L.C.*, 10th Dist. No. 08AP-829, 2009-Ohio-1186, ¶ 5. We review a trial court's denial of a motion to intervene for an abuse of discretion. *Id.* at ¶ 15, citing *Whitehall v. Olander*, 10th Dist. No. 14AP-6, 2014-Ohio-4066, ¶ 27.

{¶ 34} Whittier argues the trial court should have permitted it to intervene as a matter of right because it had a separate agreement with Anchor to advance the funds that were placed in the escrow account in order to obtain the release of Elevation's broker's lien. Thus, Whittier asserts it has an interest in the escrowed funds forming the basis of Elevations' complaint and should be permitted to intervene. As the trial court noted, however, Whittier is not a party to the escrow agreement. Instead, the escrow agreement is between Anchor and Northwest Title. The escrow agreement provides that Anchor is the owner of the subject property and that Anchor entered into a contract for sale requiring conveyance of the property free and clear of any liens. Anchor and Northwest Title agreed, pursuant to R.C. 1311.92, that Anchor would deposit the $108,750 with Northwest Title. Additionally, R.C. 1311.92(A) provides that "to enable a transfer of lien property to close when a broker's * * * lien may otherwise prevent the closing, a separate escrow account shall be established *by the owner* into which moneys from the proceeds of the closing shall be deposited in an amount sufficient to release the broker's lien." (Emphasis added.) Thus, R.C. 1311.92(A) requires the *owner* of the property to deposit the proceeds of the closing

into the escrow account. It is undisputed that Whittier was the buyer of the property in the real estate transaction, not the owner.

{¶ 35} We agree with the trial court that although Whittier may have advanced the funds, it advanced the funds to Anchor. At closing, once the funds had been advanced to Anchor, Anchor was in possession of the funds and Anchor then deposited the funds into the escrow account. Even though Anchor and Whittier had a separate agreement relating to the advancement of funds, the separate agreement does not override the escrow agreement or the requirements of R.C. 1311.92(A). As a result, Whittier cannot demonstrate an interest in the escrowed funds that are the subject of Elevation's complaint, that it is so situated that the disposition of the action may impair or impede its ability to protect it, or that its interest is not adequately represented by the existing parties. Thus, the trial court did not abuse its discretion in denying Whittier's motion to intervene under Civ.R. 24(A).

{¶ 36} Additionally, Anchor argues the trial court erred in denying the motion for joinder under Civ.R. 21, which permits the addition of parties on the motion of a party or on the trial court's own initiative " 'at any stage of the action and on such terms as are just.' " *Whitehall* at ¶ 29, quoting Civ.R. 21. This court has explained that "Civ.R. 21 only permits addition of parties on the motion of a party or on the trial court's own initiative; the rule does not permit the addition of parties on the motion of a non-party." *Whitehall* at ¶ 29. Thus, we construe the arguments related to the motion for joinder pursuant to Civ.R. 21 as relating solely to Anchor, a party to the action, and not to Whittier, a proposed intervenor and non-party.

{¶ 37} Utilizing the same arguments Whittier advanced pursuant to Whittier's motion to intervene, Anchor argues that Anchor should have been permitted to join Whittier as a party "in the interest of justice." (Appellants' Brief at 54.) Having found the trial court did not abuse its discretion in denying Whittier's motion to intervene pursuant to Civ.R. 24, we similarly conclude the trial court did not abuse its discretion in denying Anchor's motion for joinder under Civ.R. 21. Therefore, we overrule Anchor's and Whittier's fifth assignment of error.

## VIII. Disposition

{¶ 38} Based on the foregoing reasons, the trial court did not abuse its discretion in denying Anchor's Civ.R. 60(B) motion for relief from judgment without a hearing, denying Anchor's motion for leave to file an answer, denying Anchor's motion to strike the notice of satisfaction of judgment, and denying Whittier's motion to intervene and Anchor's motion for joinder. Having overruled appellants' five assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS and EDELSTEIN, JJ., concur.